**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Santiago MAUL–VALVERDE,
Defendant–Appellee.**

No. 93–1734.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 12, 1993.

Decided Nov. 23, 1993.

Edwin F. Kelly, Asst. U.S. Atty., Des Moines, IA, argued (Linda R. Reade, on the brief,) for plaintiff-appellant.

J. Michael Mayer, Des Moines, IA, argued, for defendant-appellee.

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN, and LOKEN, Circuit Judges.

LOKEN, Circuit Judge.

The United States appeals the sixteen-month sentence Santiago Maul–Valverde received after he pleaded guilty to a violation of 8 U.S.C. § 1326(b), which prohibits previously deported aliens from illegally reentering the United States. The district court departed downward from Maul–Valverde's Guidelines range of 37–46 months on the ground that application of U.S.S.G. § 2L1.2(b)(2) had resulted in an excessive sixteen-level enhancement. Concluding that departure on this ground was an incorrect application of the Guidelines for purposes of 18 U.S.C. § 3742(b)(2), we reverse and remand for resentencing.

## I.

Congress enacted 8 U.S.C. § 1326(b) in 1988 to substantially increase the criminal penalty if an illegally reentering alien was previously deported following a felony conviction. Pub.L. 100–690, Title VII, § 7345, 102 Stat. 4471. The new statute provides maximum penalties of five years in prison if the prior deportation followed commission of a felony, § 1326(b)(1), and fifteen years if the deportation followed commission of an aggravated felony, § 1326(b)(2).

The Sentencing Commission subsequently adopted corresponding amendments to U.S.S.G. § 2L1.2(b), the Guideline that governs sentences for those who unlawfully enter or remain in the United States. *See* U.S.S.G.App. C, ¶ 375. That section now imposes a four-level enhancement if the prior deportation followed a felony conviction, § 2L1.2(b)(1), and a sixteen-level enhancement if it followed an aggravated felony conviction, § 2L1.2(b)(2). Both the statute and this Guideline use the definition of aggravated felony found in 8 U.S.C. § 1101(a)(43). *See* U.S.S.G. § 2L1.2, comment. (n. 7).

Maul–Valverde was deported in August 1977 following a burglary conviction in a Texas state court. He was indicted for the instant offense in October 1992 and pleaded guilty. His plea agreement provided that he "will be subject to sentencing under [8 U.S.C. §] 1326(b)(2)."[1] Consistent with this agreement, his presentence report recommended that he receive a sixteen-level enhancement under § 2L1.2(b)(2) and a three-level reduction for acceptance of responsibility, producing a base offense level of 21. The PSR placed Maul–Valverde in criminal history category I and proposed a sentencing range of 37–46 months in prison. *See* U.S.S.G. Ch. 5, Pt. A, Table.

After proper notice to the government, the district court departed downward for two reasons. First, the court noted that U.S.S.G. § 4A1.2(e)(1) excludes for criminal history category purposes any felony conviction that

---

1. *Aggravated felony* includes any crime that "involves a substantial risk that physical force against the person or property of another may be used in the commission of the offense." 18 U.S.C. § 16(b), incorporated by reference in 8 U.S.C. § 1101(a)(43) and § 2L1.2, comment. (n. 7). Under this provision, all burglaries are aggravated felonies. *See United States v. Frias–Trujillo,* 9 F.3d 875, 876–77 (10th Cir.1993).

is more than fifteen years old; likewise, § 2L1.2, comment. (n. 7), excludes any aggravated felony conviction under foreign law that is more than fifteen years old. Therefore, the court reasoned, "U.S.S.G. § 2L1.2(b)(2) is inconsistent with other guideline applications where ancient prior record is ... excluded from consideration." Because Maul–Valverde's 1977 burglary conviction is too old to be counted in determining his criminal history category, it should not be the basis of a sixteen-level enhancement under § 2L1.2(b)(2). Second, the district court concluded that the sixteen-level enhancement "significantly overrepresents" Maul–Valverde's criminal history because it is based upon a conviction that would be excluded in computing his criminal history category.

On appeal, the government argues that the district court erred in departing downward because there was no lawful basis for a departure, and because the departure was unreasonable. We must review *de novo* whether the circumstances relied on by the district court are permissible grounds for departure, and we must determine whether the magnitude of the district court's departure was reasonable. *See, e.g., United States v. Tucker,* 986 F.2d 278, 279 (8th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 76, 126 L.Ed.2d 44 (1993).

## II.

A district court may depart from the Guidelines-range sentence if it "finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). Otherwise, the district court may not "disregard the mechanical dictates of the Guidelines." *Burns v. United States,* —— U.S. ——, ——, 111 S.Ct. 2182, 2184, 115 L.Ed.2d 123 (1991); *see Stinson v. United States,* —— U.S. ——, ——, 113 S.Ct. 1913, 1919, 123 L.Ed.2d 598 (1993).

■ The district court departed because U.S.S.G. § 2L1.2(b)(2) counts all prior aggravated felonies committed in the United States, no matter how ancient, whereas other Guidelines provisions contain a fifteen-year cap which would exclude Maul–Valverde's 1977 burglary conviction. However, the Commission took its definition of an aggravated felony *directly from the governing statutes,* and its decision to place a time limit only on the foreign aggravated felonies to be counted is mirrored in those statutes. *See* the last sentence of 8 U.S.C. § 1101(a)(43). Because the Sentencing Commission expressly considered this factor in fashioning § 2L1.2(b), and because that Guideline is consistent with the controlling statutes, the district court erred in departing on this ground. A court may not depart because it considers a Guideline misguided. *See United States v. Marshall,* 998 F.2d 634, 635 (8th Cir.1993); *United States v. Amos,* 952 F.2d 992, 994 (8th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1774, 118 L.Ed.2d 432 (1992).

■ The district court also departed because a sixteen-level enhancement based on Maul–Valverde's 1977 burglary conviction "significantly overrepresents the seriousness of [his] criminal history (see U.S.S.G. § 4A1.3 p.s.)." This, too, was a misapplication of the Guidelines. Section 4A1.3 authorizes departures from the defendant's criminal history category. Section 2L1.2(b) provides an enhancement to the base offense level that "applies in addition to any criminal history points added for such conviction in Chapter 4, Part A (Criminal History)." § 2L1.2, comment. (n. 5). Thus, if a fourteen-year-old conviction results in a sixteen-level enhancement under § 2L1.2(b)(2) *and* a three-point criminal history increase under § 4A1.1(a), § 4A1.3 would permit a departure from the resulting criminal history category, but not from the resulting base offense level.

This distinction is compelled by the plain language of these Guidelines provisions. It is also consistent with the purposes of § 2L1.2(b) in implementing 8 U.S.C. § 1326(b). The base offense level measures the severity of the offense of conviction; "the fact that a defendant was deported subsequent to the commission of an aggravated felony is relevant to measuring the severity of the crime of reentry following deporta-

tion." *United States v. Campbell*, 967 F.2d 20, 24 (2d Cir.1992); *accord, United States v. Zapata*, 1 F.3d 46, 48 (1st Cir.1993). Moreover, "[t]he criminal history section is designed to punish likely recidivists more severely, while the enhancement under § 2L1.2 is designed to deter aliens who have been convicted of a felony from re-entering the United States." *United States v. Adeleke*, 968 F.2d 1159, 1161 (11th Cir.1992). The district court thus erred in departing downward for this reason.

### III.

As Maul–Valverde must be resentenced, we will also address the question whether a downward departure from an enhancement under § 2L1.2(b)(2) may ever be appropriate. To reiterate, a sentencing court may depart if it finds a circumstance "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b). That circumstance may be one that the Sentencing commission has "taken into consideration in the guidelines (*e.g.,* as a specific offense characteristic or other adjustment), if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate." U.S.S.G. § 5K2.0, p.s.

This suggests that a departure (upward or downward) might be appropriate due to the impact of a § 2L1.2(b)(2) enhancement on the Guidelines range sentence in an unusual case. For example, § 2L1.2(b)(2) would presumably apply to a sixty-year old man who illegally reenters the United States to live with his only son, who was deported forty years previously after an aggravated felony conviction, and who has remained out of the country for the entire forty years. If the purposes underlying the sixteen-level enhancement would not be served by applying it in this situation, a downward departure could be warranted.

However, we see nothing in this sentencing record to suggest the presence of such unusual circumstances. Maul–Valverde's aggravated felony conviction is not particularly

old. He has repeatedly reentered the country illegally since his initial deportation. The conviction and sentence under review grew out of his arrest and state law conviction for operating a motor vehicle without the owner's consent. In these circumstances, even if we upheld the district court's reasons for departure as a matter of law, we would agree with the government that the departure to a sixteen-month sentence was unreasonable. Maul–Valverde's pattern of entering the United States illegally, being arrested for non-immigration offenses, returning to Mexico, and then illegally reentering the country demonstrates that his offense is within the "heartland" of cases to which the § 2L1.2(b) enhancement was intended to apply.

### IV.

Defendant Santiago Maul–Valverde's sentence is reversed, and the case is remanded with instructions to enter a sentence within the Guidelines range. *See United States v. Lattimore*, 974 F.2d 971, 976 (8th, Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1819, 123 L.Ed.2d 449 (1993). The detention order of November 11, 1993,[2] shall remain in effect until the district court has completed the resentencing.

---

**2.** Maul–Valverde completed his 16–month sentence on November 12, 1993, while this appeal was pending. On November 11, we ordered him

detained pending resolution of the government's motion to detain him during this appeal. *See* 18 U.S.C. §§ 3143(c), 3142(f).