16 F.3d 1223
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos TORRES, Defendant-Appellant.
 No. 93-1235.
 United States Court of Appeals, Sixth Circuit.
 Jan. 27, 1994.
 
 Before: NELSON and BATCHELDER, Circuit Judges; and MATIA, District Judge.*
 PER CURIAM.
 
 
 1
 Appellant, Carlos Torres, appeals his 46-month sentence following entry of a guilty plea to reentry into the United States after deportation. His appeal was timely filed.
 
 
 2
 * The single issue that is presented by appellant for our review is whether it is permissible "double counting" under the Sentencing Guidelines to increase a defendant's criminal history category based on a prior conviction, and at the same time increase the base offense level because of the same conviction. Torres argues that the double counting of his prior conviction constitutes an incorrect application of the terms of the November 1992 United States Sentencing Guidelines ("Guidelines") manual. The government responds that appellant waived this issue by failing to raise it in the lower court. We agree. For the reasons that follow, we affirm.
 
 II
 
 3
 The relevant facts giving rise to appellant's claim are not in dispute. Torres was deported in July 1989 following a conviction in a New York state court for distributing controlled substances. Under applicable federal law, appellant's prior conviction is classified as an aggravated felony. See 8 U.S.C. Sec. 1101(a)(43). In the instant case, appellant was charged in a one count information which was filed in the district court on November 13, 1992.
 
 
 4
 Defendant subsequently signed a plea agreement under Fed.R.Crim.P. 11. On December 4, 1992, defendant pleaded guilty to the charge of reentry after lawful deportation in violation of 8 U.S.C. Sec. 1326(b)(2).
 
 
 5
 Defendant's presentence report was distributed in January 1993. The statutory maximum sentence for the offense is imprisonment for 180 months. The probation officer arrived at a base offense level of 8. Sixteen levels were added under U.S.S.G. Sec. 2L1.2(b)(2) based on the previous deportation after conviction for an aggravated felony, increasing his offense level to 24. After applying a 3 level adjustment for acceptance of responsibility, defendant's total offense level was 21. Defendant's criminal history level was determined to be category III because, pursuant to U.S.S.G. Sec. 4A1.1(a), he received 3 criminal history points based on the same prior conviction. Defendant's Guidelines range was 46 to 57 months.
 
 
 6
 The sentencing hearing took place on February 12, 1993. The district court, without objection, adopted the Guidelines calculations of the probation officer. Following arguments from counsel on the appropriate sentence wherein defendant's motion for downward departure was denied,[1] the district court imposed the minimum Guidelines sentence of 46 months.
 
 III
 
 7
 Torres raises the issue for the first time on appeal.[2] Appellant cites 18 U.S.C. Sec. 3742(e) and United States v. Dellinger, 986 F.2d 1042 (6th Cir.1993) (court of appeals has jurisdiction under Sec. 3742(e)(2) to review district court's decision that it lacks discretion, as a matter of law, to depart downward) as authority for permitting the instant appeal. We hold that since appellant failed to contest the alleged double counting of his prior drug conviction at any time during the proceedings below, Mr. Torres has waived this objection, and we will therefore not consider this argument on its merits. United States v. Nagi, 947 F.2d 211, 213-14 (6th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 2309 (1992); see also United States v. Lewis, 991 F.2d 322, 324 (6th Cir.1993).
 
 
 8
 For the foregoing reasons, the sentence imposed by the district court is affirmed.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Defendant is not appealing this ruling of the district court. See Brief of the Appellant at 2
 
 
 [2]
 This Court has not ruled on this issue. The four Courts of Appeals which have visited the matter have held that, absent the presence of unusual circumstances, double counting is legitimate where a single act is relevant to two dimensions of the Guidelines analysis. See United States v. Campbell, 967 F.2d 20, 25 (2d Cir.1992); United States v. Zapata, 1 F.3d 46 (1st Cir.1993); United States v. Adeleke, 968 F.2d 1159, 1161 (11th Cir.1992); United States of America v. Maul-Valverde, 10 F3d 544 (8th Cir.1993). Appellant's guideline sentence in the instant appeal was properly calculated and imposed under the terms of the November 1992 Guidelines manual. U.S.S.G. Sec. 2L1.2, comment. (n. 5) provided that "[a]n adjustment under subsection (b)(1) or (b)(2) for a prior felony conviction applies in addition to any criminal history points added for such conviction in Chapter Four, Part A (Criminal History)." (emphasis added.) The Guidelines, therefore, specifically authorized the computation employed by the district court. Zapata, 1 F.3d at 48