110 F.3d 65
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus DIAZ-CARMONA, Defendant-Appellant.
 No. 96-5407.
 United States Court of Appeals, Sixth Circuit.
 April 02, 1997.
 
 Before: WELLFORD, RYAN, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Government agents arrested defendant Diaz-Carmona in Lexington, Kentucky, on marijuana trafficking charges. Upon further questioning, the defendant admitted that he was a Mexican citizen who had been deported in 1987 after being convicted of burglary in Texas, and that he had illegally reentered the United States. As a matter of fact, the defendant has been arrested at least three times in three successive years for illegal entry.
 
 
 2
 The defendant was indicted and pled guilty to a charge of illegally entering and being found illegally in the United States in violation of 18 U.S.C. § 1326(b). The district court sentenced him to seventy months after imposing an enhancement for the burglary offense, which the district court held was a "violent crime" under § 2L1.2(b)(2) of the Sentencing Guidelines. The defendant challenges this holding, and therefore the issue before us is whether the burglary conviction is a violent crime within the meaning of § 2L1.2(b)(2). This presents a legal question, which we review de novo. United States v. Lane, 909 F.2d 895 (6th Cir.1990). For the following reasons, we AFFIRM the district court's decision.
 
 
 3
 U.S.S.G. § 2L1.2(b)(2) requires a sixteen level increase if defendant was previously deported after conviction for an "aggravated felony." Application Note 7 of that guideline provides that the "aggravated felony" provision includes any crime of violence as defined in 18 U.S.C. § 16, whether it be a federal or state conviction. Title 18 U.S.C. § 16 defines a "crime of violence" as:
 
 
 4
 (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another or
 
 
 5
 (b) any other offense that is a felony and that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
 
 
 6
 In this context, each circuit that has examined the Texas Burglary Statute, which defines the offense of burglary as unlawfully "enter[ing] a habitation ... with intent to commit a felony or theft...." Tex.Penal Code Ann. § 30.02, has determined that it constitutes a violent crime under 18 U.S.C. § 16. See, e.g., United States v. Rodriquez-Guzman, 56 F.3d 18, 20 (5th Cir.1995); see also United States v. Maul-Valverde, 10 F.3d 544, 545 n. 1 (8th Cir.1993); United States v. Frias-Trujillo, 9 F.3d 875, 877 (10th Cir.1993). Although the defendant is correct to note that our court has not previously had occasion to consider the offense of burglary in this context, much less the specific Texas Burglary Statute at issue here, we see no reason to reject these well reasoned cases. In very similar circumstances we have already held that comparable statutory definitions of burglary constitute "violent felonies" pursuant to 18 U.S.C. § 924(e)(1)(B). See, e.g., Lane, 909 F.2d at 903 (attempted burglary in Ohio); see also United States v. Taylor, 882 F.2d 1018, 1022 (6th Cir.1989) (second-degree burglary in Tennessee). In Lane, moreover, we described the offense of burglary as "involv[ing] conduct that presents a serious potential risk of physical injury to another." 909 F.2d at 903 (quoting 18 U.S.C. § 924(e)(1)(B).
 
 
 7
 Accordingly, we AFFIRM the sentence in this case.