**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-40499

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

REYMUNDO REYNA-ESPINOSA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

July 11, 1997

Before HIGGINBOTHAM, WIENER, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge.

The question before us is whether a conviction for unlawful possession of a firearm by an alien under 18 U.S.C. § 922(g)(5) constitutes an "aggravated felony" for purposes of increasing the defendant's offense level by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(2). This issue is one of first impression for all circuits.

We hold that a conviction under § 922(g)(5) is not an aggravated felony under § 2L1.2(b)(2); accordingly, we reverse the

district court and remand for resentencing.

## FACTS and PROCEDURAL HISTORY

Reyna-Espinosa was arrested in November 1994 while attempting to transport a firearm into Mexico. Although handcuffed, the appellant managed to grab a United States Customs Service shotgun and then attempted to carjack a government vehicle. Reyna-Espinosa pleaded guilty to being an illegal alien in unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(5). The appellant was sentenced to a term of imprisonment of twelve months and one day, to be followed by a three-year term of supervision. In October 1995, the appellant was deported to Mexico.

In January 1996, Reyna-Espinosa was arrested by the Border Patrol when found walking along U.S. Highway 83 in Rio Grand City. The appellant was indicted for being found in the United States unlawfully after arrest and deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2)[1]. Reyna-Espinosa pleaded guilty pursuant to

---

[1] **Reentry of removed alien**
(a) Subject to subsection (b), any alien who--
    (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter (2) enters, attempts to enter, or is at any time found in, the United States . . . shall be fined under title 18, United States Code, or imprisoned not more than 2 years or both.
(b) Notwithstanding subsection (a), in the case of any alien described in such subsection--
    (1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under title 18, United States Code, imprisoned not more than 10 years, or both;
    (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both[.]

8 U.S.C. § 1326 (Supp. 1997)(in pertinent part).

a plea agreement which provided that the government would recommend a two-level adjustment for acceptance of responsibility and a sentence at the low end of the applicable guideline range.

The Presentence Investigation Report ("PSR") recommended that the appellant's prior conviction for being an illegal alien in possession of a firearm under 18 U.S.C. § 922(g)(5) be considered an aggravated felony. Accordingly, the PSR increased Reyna-Espinosa's base offense level of 8 by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(2). The PSR also recommended a three-level decrease for acceptance of responsibility. Based on a total offense level of 21 and a criminal history category of III, the applicable sentencing range was calculated at 46 to 57 months.

Reyna-Espinosa objected to the 16-level enhancement, arguing that the prior firearm conviction was not an aggravated felony under the Guidelines. Reyna-Espinosa argued that the upward adjustment should be four levels, not 16; thus, his sentencing range should be 10 to 16 months.

In an addendum to the PSR, the probation department responded that Application note 7 of the Commentary to § 2L1.2 specifically refers to 18 U.S.C. § 1101(a)(43), which expressly defines a violation of § 922(g)(5) as an aggravated felony under the Immigration and Nationality Act ("INA").

The district court overruled Reyna-Espinosa's objection, adopting the PSR in full. The court sentenced the appellant to 46 months of imprisonment, to be followed by a three-year term of supervised release.

**STANDARD OF REVIEW**

We review a claim that the district court erred in applying U.S.S.G. § 2L1.2(b)(2) instead of § 2L1.2(b)(1) de novo; we review the trial court's factual findings under a clearly erroneous standard. *United States v. Rodriguez-Guzman*, 56 F.3d 18 (5th Cir. 1995).

**DISCUSSION**

Reyna-Espinosa appeals his sentence on the basis that his conviction for being an alien in unlawful possession of a firearm is not an aggravated felony for purposes of U.S.S.G. § 2L1.2. The appellant claims that the district court erred in enhancing his base offense level by 16 levels instead of four.

Section 2L1.2(a) of the Guidelines provides for a base offense level of 8 for an alien who unlawfully enters or remains in the United States following arrest and deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). Subsection 2L1.2(b) provides for an enhancement of the base offense level if the alien was previously deported after a conviction for a felony or aggravated felony:

> (1) If the defendant previously was deported after a conviction for a felony, other than a felony involving violation of the immigration laws, increase by **4** levels.

> (2) If the defendant previously was deported after a conviction for an aggravated felony, increase by **16** levels.

U.S.S.G. § 2L1.2(b) (1995) (emphasis in original). The application note defining "aggravated felony" provides:

> "Aggravated felony," as used in subsection (b)(2), **means** murder; any illicit trafficking in any controlled substance (as defined in 21 U.S.C. § 802), including any drug

4

trafficking crime as defined in 18 U.S.C. § 924 (c)(2); any illicit trafficking in any firearms or destructive devices as defined in 18 U.S.C. § 921; any offense described in 18 U.S.C. § 1956 (relating to laundering of monetary instruments); any crime of violence (as defined in 18 U.S.C. § 16, not including a purely political offense) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least five years; or any attempt or conspiracy to commit any such act. The term "aggravated felony" applies to offenses described in the previous sentence whether in violation of federal or state law and also applies to offenses described in the previous sentence in violation of foreign law for which the term of imprisonment was completed within the previous 15 years. ***See* 8 U.S.C. § 1101(a)(43).**

U.S.S.G. § 2L1.2, comment. (n. 7)(1995) (emphasis added). While the definition in application note 7 does not expressly state that a conviction under § 922(g)(5) is an aggravated felony, Section 1101(a)(43) of the INA expressly defines a violation of § 922(g)(5) as an aggravated felony. The crux of this appeal, therefore, is whether the "*See*" cite to Section 1101(a)(43) actually incorporates the definitions contained in that section to the enhancement provision in U.S.S.G. § 2L1.2(b)(2), or whether it is merely a reference as to the source of the enumerated aggravated felonies in note 7 to § 2L1.2(b). The circuits that have addressed this precise issue have split.

The Eighth Circuit has held that Section 1101(a)(43) has been incorporated in full. *United States v. Maul-Valverde*, 10 F.3d 544, 545 (8th Cir. 1993) ("Both [8 U.S.C. § 1326(b)] and [U.S.S.G. § 2L1.2(b)(2)] use the definition of aggravated felony found in 8 U.S.C. § 1101(a)(43).").

The Ninth and Seventh Circuits have determined that the Sentencing Commission intended to apply the 16-level enhancement only to specifically listed felonies. In *United States v. Rios-*

5

*Favela,* --- F.3d ---, 1997 WL 345959 (9th Cir. June 25, 1997), the

Ninth Circuit rejected the Eighth Circuit's analysis:

> In defining which aggravated felonies warranted the sixteen-level adjustment, the Sentencing Commission considered the statutory definition of "aggravated felony" provided in 8 U.S.C. § 1101(a)(43), as evidenced by its direction in note 7 to "see" the statute. Although at least one other circuit has held that the Sentencing Commission adopted in full the statutory definition of aggravated felony provided in 8 U.S.C. § 1101(a)(43), *see Maul-Verde,* 10 F.3d at 545 . . . , we disagree. We conclude that the Commission formulated a nearly identical yet nonetheless distinct list of offenses that qualify as aggravated felonies for sentencing purposes.

*Id.* at *4.

The Seventh Circuit has also held that the Sentencing Commission did not intend for 8 U.S.C. § 1326 and U.S.S.G. § 2L1.2 to operate symmetrically. *United States v. Munoz-Cerna*, 47 F.3d 207, 212 (7th Cir. 1995) ("[W]e believe it is quite clear that no symmetry was intended between the aggravated felony provisions of [the INA] and the aggravated felony provisions of the guideline.").

Reyna-Espinosa does not dispute that a conviction for being an alien in possession of a weapon is an aggravated felony under the INA:

> Mr. Reyna's conviction under 18 U.S.C. § 922(g)(5) very well may make him ineligible for asylum or relief from deportation and exclusion from the United States; the INA expresses national policy concerning an alien's privilege to enter or reside in the United States.

Appellant's Brief at 11. The appellant argues, however, that a prior conviction for being an alien in possession of a weapon is not an aggravated felony for purposes of enhancement under the Guidelines.

The government argues that the "*See*" cite to Section

6

1101(a)(43) implies that Congress did not intend to limit the scope of the definition of "aggravated felony" for purposes of Section 2L1.2(b)(2). Reyna-Espinosa claims that the "*See*" cite is not a term of incorporation. The appellant argues that the Sentencing Commission did not use inclusive language in Note 7; instead it employed specific and exclusive language, stating that aggravated felony "means," followed by a full paragraph of definition of crimes[2] derived from only 5 of 21 paragraphs of § 1101(a)(43). Reyna-Espinosa claims that the Sentencing Commission could have easily directly incorporated all felonies contained in 1101(a) and did not.

Reyna-Espinosa also argues that the definition of the signal "*See*" does not support the government's argument:

> The citation signal "*See*" used by the Sentencing Commission is not a term of incorporation. According to the most recent edition of *The Bluebook*, "*See*", is used to show that the "[c]ited authority *clearly supports* the proposition.["] Harvard L. Rev. Ass'n, *The Bluebook - A Uniform System of Citation* § 1.2 (15th ed. 1991). "*See*" merely is an introductory signal indicating support. *Id.*

Appellant's Brief at 11.

We note that the first version of § 2L1.2 provided for a 4-level enhancement for a prior felony, without specifically providing for aggravated felonies. U.S.S.G. § 2L1.2 (eff. Nov. 1, 1989). The commentary to that version of § 2L1.2 suggested that an upward departure may be warranted if the prior conviction was an

---

[2] The only offense from the definition of aggravated felony in application note 7 that relates to firearms involves trafficking in firearms in violation of 18 U.S.C. § 921. The government does not argue that the defendant's sentence was enhanced under this definition, and the district court did not base its enhancement on this definition.

aggravated felony "as defined in 8 U.S.C. § 1101(a) . . . or for any other violent felony."  U.S.S.G. § 2L1.2, comment. (n.3) (eff. Nov. 1, 1989).  In 1991, § 2L1.2 was amended to include the current section and its application note.  Congress amended 8 U.S.C. § 1101(a)(43) in 1994, expanding the definition of "aggravated felony."  Pub.L.No. 103-416, 108 Stat. 4320-22 (1994).  The Guidelines were not correspondingly amended; thus, the Guidelines' list of aggravated felonies mirrors that of the pre-1994 version of 8 U.S.C. § 1101(a)(43).

We agree with the Ninth and Seventh Circuits that the definition of "aggravated felony" for purposes of § 2L1.2(b)(2) is limited to the felonies expressly listed in application note 7. Section 1101(a)(43) is not incorporated wholly by the  reference signal "*see.*"  Accordingly, Reyna-Espinosa's prior § 922(g)(5) conviction is not an aggravated felony under § 2L1.2(b)(2).

Alternatively, the government argues, as it did at the appellant's sentencing, that the underlying facts of Reyna-Espinosa's offense under § 922(g)(5) support an enhancement for a prior aggravated felony conviction.  This argument is without merit.  This circuit has rejected the argument that a sentencing court should look to the underlying facts to determine whether a prior conviction was a crime of violence and, thus, an aggravated felony for purposes of § 2L1.2.  *United States v. Velazquez-Overa*, 100 F.3d 418, 421 (5th Cir. 1996)("A sentencing court need only consider the fact that [the defendant] was convicted and the inherent nature of the offense."), *cert. denied*, -- U.S. --, 117

S.Ct. 1283 (1997).

**CONCLUSION**

We conclude that the reference to 18 U.S.C. § 1101(a)(43) in the Commentary to U.S.S.G. § 2L1.2 does not constitute a complete incorporation of that statute. Instead, we must look to the felonies expressly enumerated in the Commentary for the definition of aggravated felony under U.S.S.G. § 2L1.2. Consequently, a conviction under 18 U.S.C. § 922(g)(5) is not an aggravated felony for purposes of increasing a defendant's offense level under U.S.S.G. § 2L1.2(b). Accordingly, Reyna-Espinosa's sentence is **VACATED** and the case is **REMANDED** to the district court for resentencing.