**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-60577

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

VERSUS

WALTER F. LUCAS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi

_____

October 9, 1998

Before KING, SMITH, and PARKER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The government appeals the district court's application of the sentencing guidelines. Finding error, we reverse and remand for resentencing.

I.

Walter Lucas was Acting Warden of River County Jail in River County, Mississippi. Eunice Alfred, a pretrial detainee, was working in Lucas's office when Lucas, without warning, reached into

her sweat pants and placed his fingers into her vagina. Alfred, who was standing near an open door, ran from the room.

A few weeks later, Lucas asked a male prisoner to act as a lookout so that he could take care of some "business" in the booking room, which was located behind his office. Lucas called Alfred into the room and locked the door, then pulled off her pants and raped her.[1] When interviewed by the FBI about this incident, Lucas denied having sexual contact with any inmate.

Lucas was indicted for three violations of 18 U.S.C. § 242, which was at that time a civil rights violation misdemeanor, and one violation of 18 U.S.C. § 1001, making a false statement in an official investigation. Counts one, two, and three charged him, while acting under color of law, with sexually assaulting three female prisoners who were in his custody. Count four charged him with willfully making a false statement to the FBI.

As his trial was about to begin, Lucas pleaded guilty to count one, violating the civil rights of Eunice Alfred, and count four, making a false official statement. As part of the plea agreement, Lucas stipulated that count one should be classified pursuant to U.S.S.G. § 2A3.1. Defense counsel explained to Lucas that he believed the plea agreement required six years' imprisonment for the two offenses. Lucas accepted the plea.

While under oath, Lucas testified that he agreed with the

---

[1] These facts come from the presentence report.

2

prosecutor's summation of the facts, that he had "coerced [his victim] to engage in sexual intercourse and other sexual acts without her consent and that . . . [he] acted willfully, . . . with the specific intent to deprive [the victim] of the rights secured by the ConstitutionSSthat is, the right to be free from unwanted sexual intercourse."

The presentence report ("PSR") stated that the most analogous guideline was § 2A3.1 (criminal sexual abuse), which has a base offense level of 27. The PSR calculated the total offense level to be 35, adding two levels pursuant to § 2A3.1(b)(3) because the victim was in custody, six levels pursuant to § 2H1.1(b)(1)(B) because count one was committed under color of law, and two levels pursuant to § 3C1.1 because count four constituted obstruction of justice relating to count one. The PSR then subtracted two levels pursuant to § 3E1.1 for acceptance of responsibility.

The guideline range was 168 to 210 months' imprisonment. Because the maximum possible sentence was six yearsSSone year for count one and five years for count fourSSand that sentence was less than the total punishment called for by the guidelines, the PSR stated that the guidelines required a sentence of 72 months.

The district court, however, sentenced Lucas using § 2A3.3, which normally is applied to consensual criminal sexual abuse of a ward. The court was concerned that the sentence under § 2A3.1 was unduly harsh because count four was a collateral offense, and count

3

one was only a misdemeanor that had a maximum penalty of one year.[2] Moreover, the court stated, an exception under 18 U.S.C. § 1001 for an "exculpatory no" had existed until "very recently." The court declared:

> I'm not sure Congress intended. . . to increase [to such an extent] the level of the underlying offense . . . . Lying to an FBI agent . . . is a crime under our law. I'm not minimizing that. But when you use that to enhance the statutory penalty, the maximum statutory penalty the Congress has outlined for this type of sexual conduct, which is one year, then I don't think that that has been and is the intent of Congress.

The court imposed a sentence of two years: one year for count one and one year for count four. It used § 2A3.3, for a base level of 9, then added six levels pursuant to § 2H1.1(b)(1)(B), as count one was committed under color of law, and added two levels pursuant to § 3C1.1 because count four constituted obstruction of justice relating to count one, and subtracted two levels pursuant to § 3E1.1 for acceptance of responsibility. The total of 15, along with Lucas's not having a previous criminal record, placed the sentence at 18-24 months, according to the sentencing guidelines. *See* U.S. SENTENCING GUIDELINES MANUAL chap. 5, part A (1995).

The government appeals the use of § 2A3.3, arguing that the court should have used § 2A3.1 as the most analogous section. It also appeals the two-level reduction for acceptance of responsibility.

---

[2] Section 242 was amended in 1994, after the events involved in this case, to provide that committing aggravated sexual abuse under this section is subject to imprisonment for "any term of years or for life."

4

II.

We review application of the sentencing guidelines *de novo* and findings of fact under a clearly erroneous standard. *See United States v. Stevenson*, 126 F.3d 662, 664 (5th Cir. 1997); *United States v. Reyna-Espinosa*, 117 F.3d 826, 828 (5th Cir. 1997). We review *de novo* a determination of the meaning and effect of any factual stipulations on a sentence. *See Braxton v. United States*, 500 U.S. 344, 350 (1991); *United States v. Domino*, 62 F.3d 716, 719 (5th Cir. 1995). We also give plenary review to the decision concerning which guideline provision is most analogous to the offense of conviction. *See United States v. Hornsby*, 88 F.3d 336, 338 (5th Cir. 1996) (per curiam).

III.

A.

Violations of 18 U.S.C. § 242 are sentenced according to U.S.S.G. § 2H1.1,[3] which provides:

(a) Base Offense Level (Apply the Greatest):

    (1) the offense level from the offense guideline applicable to any underlying offense;

    (2) 12, if the offense involved two or more

---

[3] The provision in effect at the time of the offense was § 2H1.4. Section 2H1.4 was deleted by consolidation with § 2H1.1 effective November 1, 1995. *See* Appendix C, amendment 521. Section 2H1.1 was the provision in effect at the time of Lucas's sentencing, and he does not claim prejudice in the application of this provision.

5

participants;

(3)  10, if the offense involved (A) the use or threat of force against a person; or (B) property damage or threat of property damage; or

(4)  6, otherwise.

(b)  Specific Offense Characteristic

(1)  If (A) the defendant was a public official at the time of the offense; or (B) the offense was committed under color of law, increase by 6 levels.

The first application note to this section specifies: "'Offense Guideline applicable to any underlying offense' means the offense Guideline applicable to any conduct established by the offense of conviction that constitutes an offense under federal, state, or local law."

Section 1B1.2(a) provides that in the case of a plea agreement "containing a stipulation that specifically establishes a more serious crime than the offense of conviction, determine the offense guideline . . . most applicable to the stipulated offense." Accordingly, by the plain language of the guidelines, the crime used for sentencing need not be the crime of conviction.[4]

---

[4] The first application note to this section also provides:

Where a stipulation . . . made between the parties on the record during a plea proceeding specifically establishes facts that prove a more serious offense or offenses than the offense or offenses of conviction, the court is to apply the guideline most applicable to the more serious offense or offenses established.

U.S.S.G. § 1B1.2(a) application note 1.

B.

Lucas admitted under oath to "coerc[ing the victim] to engage in sexual intercourse and other sexual acts without her consent," and to depriving her of her right to be free from "unwanted sexual intercourse." Lucas admits in his brief that "[d]efinitionally this is probably [rape]." The district court accepted his plea and did not make any factual findings contradicting the plea's statement that the sex was nonconsensual.

The court applied § 2A3.3 because count one was a misdemeanor. The court stated that had count one "been a felony, no doubt 2A3.1 . . . would be the guideline" to apply.[5] As we have said, because the maximum penalty for violating 18 U.S.C. § 242 was only one year, the court did not wish to invoke § 2A3.1.

The court misconstrued the law because, for sentencing guideline purposes, it does not matter whether one of the offenses has a maximum of only one year. When a defendant is sentenced on multiple counts under a single indictment, the court computes a total punishment by looking at the combined offense level with the appropriate criminal history category to arrive at a sentencing range. *See* U.S.S.G. § 5G1.2(b). The total punishment can be more than the maximum statutory penalty for any particular offense if the defendant is sentenced on multiple counts. *See United States*

---

[5] Section 2A3.3 corresponds to 18 U.S.C. § 2243(b), which involves non-coercive conduct and makes criminal *consensual* intercourse with a person in official detention.

7

*v. Segler*, 37 F.3d 1131, 1135 (5th Cir. 1994); *United States v. Kings*, 981 F.2d 790, 797 (5th Cir. 1993) (per curiam).[6]  The maximum statutory penalty sets the upper limit that may be imposed for a particular count.  *See* U.S.S.G. § 5G1.2; *Segler*, 37 F.3d at 1136.

We therefore must look to the underlying offense to which defendant has stipulated.  *See* U.S.S.G. §§ 2H1.1, 1B1.2(a).  To apply § 2A3.1, we must find that he violated 18 U.S.C. § 2241 or 2242, or a similar provision of state law.[7]  The PSR found that Lucas should be charged under § 2A3.1, as the crimes to which he pleaded are most analogous to the rape statutes, §§ 2241 and 2242.[8]

---

[6] In *Kings*, a defendant was sentenced to 120-150 months' imprisonment for two offenses, even though one offense, an assault count, had a three-year statutory maximum.  The total punishment for the two offenses was not just the three-year statutory maximum, even though the offense level and guideline range for both offenses were "*wholly* determined by his assault count."  *Id*. at 795 n.11.  *See also United States v. Griffith*, 85 F.3d 284, 289 (7th Cir. 1996) (holding that sentence on multiple counts was not limited by the statutory maximum for a particular count, even though that count dictates the offense level and calculation of total punishment for all the offenses); *Segler*, 37 F.3d at 1135.

[7] The government did not raise the issue of Lucas's having violated state law, and we, as a consequence, do not address it.

[8] Section 2241(a) provides in pertinent part:

(a) By force or threat. §§ Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly causes another person to engage in a sexual act §§

    (1)   by using force against that person; or

    (2)   by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping;

or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

Section 2242 provides in pertinent part:

Lucas's offense is analogous to a violation of § 2241, because he used actual force against his victim.  A defendant uses force within the meaning of § 2241 when he employs restraint sufficient to prevent the victim from escaping the sexual conduct.  *See United States v. Allery*, 139 F.3d 609, 611 (8th Cir.), *cert. denied*, 118 S. Ct. 2389 (1998); *United States v. Jones*, 104 F.3d 193, 197 (8th Cir.), *cert. denied*, 117 S. Ct. 2470 (1997); *United States v. Fulton*, 987 F.2d 631, 633 (9th Cir. 1993).  Furthermore, force can be implied from a disparity in size and coercive power between the defendant and his victim, as for example when the defendant is an adult male and the victim is a child.  *See United States v. Bordeaux*, 997 F.2d 419, 421 (8th Cir. 1993).

In this case, the PSR declared, "It was through not only his abuse of [his powers as a warden], but through *actual use of force*, that the defendant committed the rapes and sexual assaults as charged in the indictment" (emphasis added).  Lucas summoned Alfred to a relatively secluded location, locked the door so that she

---

Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly SS

(1) causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping);

* * *

or attempts to do so, shall be fined under this title, imprisoned not more than 20 years, or both.

9

could not escape his advances,[9] and pressed her against a table in such a way that she could not leave. Moreover, the disparity in power between a jail warden and an inmate, combined with physical restraint, is sufficient to satisfy the force requirement of § 2241.

The evidence also demonstrates that Lucas caused Alfred to engage in a sexual act by placing her in fear within the meaning of § 2242. The definition of "fear" is very broad. *See United States v. Gavin*, 959 F.2d 788, 791 (9th Cir. 1992). This element is satisfied when the defendant's actions implicitly place the victim in fear of some bodily harm. *See United States v. Cherry*, 938 F.2d 748, 755 (7th Cir. 1991). Like force, fear can be inferred from the circumstances, particularly a disparity in power between defendant and victim. *See United States v. Castillo*, 140 F.3d 874, 885 (10th Cir. 1998) (citing *United States v. Reyes-Castro*, 13 F.3d 377, 379 (10th Cir. 1993)). Furthermore, a defendant's control over a victim's everyday life can generate fear. *See United States v. Johns*, 15 F.3d 740, 742-43 (8th Cir. 1994).

In his position as warden, Lucas had almost complete control over his victim's life. He oversaw the jail in which she was incarcerated, reporting only to off-site supervisors; controlled inmates' freedom to move inside the jail, receive visits from

---

[9] At his second sentencing hearing on July 28, 1997, Lucas insisted that he had closed but not locked the door. Even assuming that to be true, however, Lucas's pressing the victim against a table and thereby blocking her means of egress suffices to constitute force within the meaning of § 2241.

10

friends and family, and take yard calls; determined what work inmates would do; and possessed wide-ranging power to punish them. Lucas's control over Alfred was easily sufficient to imply fear. The record thus supports the conclusion that he caused her to engage in a sexual act by placing her in fear as a result of the disparity in power between them.

The district court was reluctant to use § 2A3.1 only because 18 U.S.C. § 242 was a misdemeanor. The court stated that had it been a felony, the court would have applied § 2A3.1. Because the crime's classification as a misdemeanor is irrelevant to the choice of an appropriate sentencing guideline, the court erred by applying § 2A3.3 instead of § 2A3.1.

IV.

The government asks us to reverse the two-level reduction for acceptance of responsibility pursuant to § 3E1.1(a). We need not reach this issue, however, in light of our conclusion that the court should have applied § 2A3.1 instead of § 2A3.3.

If § 2A3.1 is applied instead of § 2A3.3, the reduction for acceptance of responsibility makes absolutely no difference. Under § 2A3.1, the sentence with the reduction would be 168-210 months, as the offense level would be 35. Without the reduction, the offense level would be 37, resulting in a sentence of 210-262 months. The minimum sentence with the acceptance of responsibility

11

under S 2A3.1, 168 months, however, is more than the six-year maximum that Lucas can serve.  *See* U.S.S.G. § 5G1.1(a) (stating that when the minimum sentence in the applicable guideline range exceeds the statutory maximum, the statutory maximum shall be the guideline sentence).

The judgment of sentence is REVERSED and REMANDED for re-sentencing.