# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 99-40182
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD WAYNE MILES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(1:98-CR-79-1)
_____

November 1, 1999

Before HIGGINBOTHAM, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Donald Wayne Miles appeals his 72-month sentence on his guilty-plea conviction for conspiracy to distribute, and to possess with intent to distribute, marijuana. He contends that the district court erred by enhancing his sentence pursuant to U.S.S.G. § 2D1.1(b)(1) (two level increase in offense level of a drug crime if defendant possessed a dangerous weapon). In this regard, he asserts that the three weapons in question were *not* connected with his drug trafficking offense, but were for the protection of his radiator shop in case of robbery (due to previous felony

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convictions, Miles was prohibited from possessing firearms); and that, in the light of **Bailey v. United States**, 516 U.S. 137, 143 (1995),§ 2D1.1(b)(1) should be applied only where the weapon was actively employed or was an operative factor in the predicate offense.

Sentencing Guidelines applications are reviewed *de novo*. **United States v. Reyna-Espinosa**, 117 F.3d 826, 828 (5th Cir. 1997). The district court's assessment of a two level enhancement for possession of a firearm is a factual determination reviewed *only* for clear error. **United States v. Navarro**, 169 F.3d 228, 234 (5th Cir.), *cert. denied*, *sub nom.* **Edmonson v. United States**, 1999 WL 386733 (U.S. 4 Oct. 1999) (No. 98-9659).

The § 2D1.1(b)(1) adjustment "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected to the offense". § 2D1.1, application n.3; **United States v. Mitchell**, 31 F.3d 271, 277 (5th Cir.), *cert. denied*, 513 U.S. 977 (1994). "The government has the burden of proof under § 2D1.1 of showing by a preponderance of the evidence that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." **United States v. Vasquez**, 161 F.3d 909, 912 (5th Cir. 1998) (internal quotations and citation omitted). "Applying this standard, the government must provide evidence that the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred." **Id.** at 912 (internal quotation and citation omitted).

Miles' assertion that, in the light of **Bailey**, we should heighten the above described standards for satisfying § 2D1.1(b)(1) is raised for the first time on appeal; we review only for plain error. There is none. *See* **United States v. Griffith**, 118 F.3d 318, 327 (5th Cir. 1997).

Furthermore, there is no merit to his claim that the Government failed to prove a connection between his possession of a firearm and his drug trafficking offense. A presentence report (PSR) is generally considered reliable enough to be considered by the trial court as evidence in making the factual determinations required by the Guidelines. *E.g.,* **United States v. West**, 58 F.3d 133, 138 (5th Cir. 1995). The district court adopted the PSR's findings that: Miles used his business' garage to wrap, package, and load into a vehicle approximately 200 pounds of marijuana; the police recovered a shotgun, along with 30 pounds of marijuana and various drug-trafficking paraphernalia, from the garage of Miles' business; and, the police recovered a pistol and second shotgun from the office area that adjoins the garage.

These uncontested facts establish that, at the very least, the shotgun found in the garage area of Miles' business was connected with his drug trafficking offense, as it was found in the same location where part of the drug transaction occurred and where the drugs and drug paraphernalia were stored. *See* **Navarro**, 169 F.3d at 235.

*AFFIRMED*