IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50456
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO ARTURO LARA-MORA, also known as Ruben Mora,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-00-CR-156-ALL
--------------------
June 19, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Sergio Arturo Lara-Mora (Lara) appeals his conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). He argues that the manner in which his case was submitted to the jury violated his due process rights under Apprendi v. New Jersey, 530 U.S. 466 (2000). Lara also contends that his prior conviction for delivery of cocaine was not an aggravated felony for purposes of the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Apprendi did not overrule Almendarez-Torres v. United States, 523 U.S. 224 (1998).  See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).  Therefore, Lara's arguments based on Apprendi are foreclosed.

Lara's argument that his prior conviction was not an aggravated felony for purposes of the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) is based on a prior version of that guideline and cases interpreting that version.  See United States v. Reyna-Espinosa, 117 F.3d 826, 828-30 (5th Cir. 1997) (interpreting 1995 version of U.S.S.G. § 2L1.2(b)).  Lara's prior conviction for delivery of cocaine for which he was sentenced to 20 months in prison was clearly an aggravated felony under the law at the time of Lara's sentencing.  See U.S.S.G. § 2L1.2, comment. (n.1)(2000)(directly incorporating 8 U.S.C. § 1101(a)(43) and defining "felony offense").

Accordingly, the judgment of the district court is AFFIRMED.