# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2020

Lyle W. Cayce
Clerk

No. 18-40707

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARQ VINCENT PEREZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC 6:17-CR-35-1

Before HAYNES, HIGGINSON, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Marq Vincent Perez appeals his conviction and sentence. For the reasons set forth below, we AFFIRM.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 18-40707

## I.     Background

Based on his supposed belief that the Victoria Islamic Center (the "VIC") stored weapons, Perez broke into the mosque with a juvenile at night to look for these weapons on two separate occasions.  Finding none either time, Perez nonetheless stole some items the first time and proceeded to burn down the VIC the second time by using a lighter to set fire to papers inside.

A federal grand jury charged Perez with intentionally defacing, damaging, and destroying religious real property because of its religious character through the use of fire, in violation of 18 U.S.C. § 247(a)(1), ("Count 1") and with knowingly using a fire and explosive to commit a violation of § 247(a)(1), in violation of 18 U.S.C. § 844(h), ("Count 2"). Additionally, he was indicted on a third count of possessing an unregistered destructive device ("Count 3").[1]  For Count 1, the district court instructed the jury that it must find that the Government proved each of the following elements beyond a reasonable doubt: that Perez (1) "intentionally defaced, damaged or destroyed religious real property"; and (2) "did so because of the religious character of the property"; and that the offense (3) "was in or affected interstate or foreign commerce"; and (4) "included the use, attempted use, or threatened use of a dangerous weapon, explosive, or fire." Based on this fourth element, the jury was required to determine whether the Government proved beyond a reasonable doubt that Perez committed § 247's punishment-enhancing conduct, as set forth in § 247(d)(3).[2]  As to

---

[1] Count 3 was based upon a violation of 26 U.S.C. §§ 5841, 5845, 5861(d), and 5871. He was also charged with being aided, abetted, and assisted by others, in violation of 18 U.S.C. § 2, on all three counts.  The aiding and abetting allegations are not at issue on appeal.

[2] This section provides that the punishment for a § 247(a)(1) offense shall be "a fine . . . and imprisonment for not more than 20 years, or both" if the defendant's conduct in committing a § 247(a)(1) offense "include[s] the use, attempted use, or threatened use

No. 18-40707

Count 2, the district court instructed the jury that it must find that the Government proved beyond a reasonable doubt that "the defendant knowingly used fire or an explosive to commit the act charged in Count One." The jury convicted Perez on all three counts.

The presentence investigation report ("PSR") recommended a base offense level of 24 for Count 1, determining that the underlying offense for Count 1 was federal arson and that the applicable Sentencing Guideline for arson, § 2K1.4, was appropriate. Under the grouping rules, it was grouped with Count 3 for a combined offense level of 34. As for Count 2, the PSR noted that a § 844(h) violation has a mandatory ten-year sentence that must run consecutively to Count 1. Perez objected to the PSR's recommended sentence to Counts 1 and 2; he argued that § 2K1.4 did not apply for Count 1 and that punishment for Count 2 violated the Double Jeopardy Clause of the Fifth Amendment because Counts 1 and 2 were premised on the same underlying offense of setting fire to the VIC. The district court rejected Perez's objections and imposed a sentence within the PSR's calculated Sentencing Guidelines range. Perez timely appealed.

## II. Discussion

Three issues are on appeal: (1) whether Perez's indictment and sentence for Counts 1 and 2 violate the Double Jeopardy Clause's multiplicity doctrine, (2) whether the application of § 2K1.4 of the Sentencing Guidelines on Count 1 was error, and (3) whether Count 2's mandatory ten-year sentence in conjunction with the sentence assessed for Count 1 violates the Double Jeopardy Clause's prohibition on double counting. We address each issue below.

---

of a dangerous weapon, explosives, or fire" or if the conduct resulted in "bodily injury to any person."

No. 18-40707

## A.     Double Jeopardy Clause's Multiplicity Doctrine

Perez argues that Count 1's punishment enhancement, § 247(d)(3), and Count 2, the § 844(h) offense, constitute the same offense. He thus claims that the indictment was defective and that the district court erred in punishing him on both counts. We disagree and hold that § 247(d)(3) and § 844(h) are distinct offenses.[3]

Under the Double Jeopardy Clause of the Fifth Amendment, the Government may not charge "a single offense in several counts" and a court may not impose "multiple punishments for the same act." *United States v. Barton*, 879 F.3d 595, 599 (5th Cir.), *cert. denied*, 139 S. Ct. 167 (2018). To determine whether a defendant has been punished multiple times for the same offense, we first consider whether "Congress has authorized the result at issue." *United States v. Smith*, 354 F.3d 390, 398 (5th Cir. 2003). "If Congress has enacted statutes that separately punish the same conduct, there is no double jeopardy violation." *Id.* If that inquiry is "inconclusive," then we must examine the text of the statute to "determine whether conviction under each statutory provision requires proof of an additional fact which the other does not." *Id.* (internal quotation marks and citation omitted); *see also Blockburger v. United States*, 284 U.S. 299, 303–04 (1932).

The text of § 844(h) indicates that Congress authorized the result in this case. That statutory provision imposes a mandatory ten-year sentence in cases where the defendant uses "fire or an explosive to commit *any*

---

[3] Perez did not preserve his challenge to the indictment but did preserve his challenge to the district court's punishment. Thus, our review is for plain error and de novo, respectively. *See United States v. Vasquez*, 899 F.3d 363, 380 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1543 (mem.) (2019); *United States v. Severns*, 559 F.3d 274, 282 (5th Cir. 2009). Because Perez cannot prevail under the less demanding de novo standard, we apply that standard for both challenges.

No. 18-40707

[federal] felony" and states that the term of imprisonment prescribed by § 844(h) may not run concurrently with the term of imprisonment imposed for the *underlying* felony.   18 U.S.C. § 844(h).   The subsection further specifies that it applies even when the underlying felony "provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device."   *Id.*   Congress thus clearly intended for the enhanced sentence under § 844(h) to be imposed cumulatively with an underlying felony sentence such as that prescribed by § 247(d)(3).   *See United States v. Grassie*, 237 F.3d 1199, 1215-16 (10th Cir. 2001) (holding that Congress intended for cumulative punishments to be imposed under § 247(d)(3) and § 844(h)(1)).

Even assuming arguendo that our inquiry into this question was inconclusive, our review of the statutory texts leads us to reject Perez's Double-Jeopardy argument under *Blockburger*. *Blockburger*, 284 U.S. at 303–04.   Our court's "*Blockburger* inquiry focuses on the statutory elements of the offenses, not on their application to the facts of the specific case before the court."   *United States v. Severns*, 559 F.3d 274, 286–87 (5th Cir. 2009) (internal quotation marks and citation omitted).   Under this framework, §§ 247(d)(3) and 844(h) each contain an element the other does not.   Section 247(d)(3) requires the defendant to either (1) use a dangerous weapon, fire, or explosives or (2) cause bodily injury to a person; it thereby does not require the use of fire or explosives while damaging religious property.   Section 844(h), however, does require the use of fire or explosives to commit a felony but does not require a defendant to damage religious property.

Accordingly, we hold that there was no violation of the Double Jeopardy Clause in charging and punishing Perez for Counts 1 and 2.

## B.    Section 2K1.4 of the Sentencing Guidelines

Perez next argues that the district court erred in applying Guideline § 2K1.4 to his Count 1 conviction.

A § 247(a)(1) offense is subject to § 2H1.1 of the Sentencing Guidelines.  Under § 2H1.1(a)(1), the base offense level is determined by "the offense level from the offense guideline applicable to any underlying offense."  This means that an applicable offense guideline may be used for "any conduct established by the offense of conviction that constitutes an offense under federal . . . law."  U.S. Sent'g Guidelines Manual § 2H1.1 cmt. n.1 (U.S. Sent'g Comm'n 2018).  Indeed, note 1 to § 2H1.1 of the Sentencing Guidelines states that "conduct set forth in the count of conviction may constitute more than one underlying offense."  In such situations, the underlying offenses encompassed within the count of conviction should be determined "as if the defendant had been charged with a conspiracy to commit multiple offenses," following the procedure set forth in note 4 of Guideline § 1B1.2.  *Id.*  Note 4 to § 1B1.2 then states that when the jury verdict or plea "does not establish which offense(s) was the object of the conspiracy," the question becomes whether the trial court, "sitting as a trier of fact, would convict the defendant of conspiring to commit that object offense."  Therefore, if a verdict does not establish the underlying offense, evidence presented at trial may be considered.  *See United States v. Lucas*, 157 F.3d 998, 1002 (5th Cir. 1998) (holding that the defendant's factual stipulations established the underlying offense and that, alternatively, the "evidence also demonstrate[d]" that the defendant engaged in conduct within the meaning of the underlying offense).

Here, the PSR identified the underlying offense as arson, a violation of § 844(i), which has Guideline § 2K1.4 as the applicable offense guideline. The elements of arson are as follows: the defendant "(1) maliciously

damaged or destroyed a building or personal property, (2) by means of fire, and (3) the building or personal property was being used in activity affecting interstate commerce." *Severns*, 559 F.3d at 289 (quotation omitted).  Perez contends that the application of Guideline § 2K1.4 was error because the underlying offense was not arson under § 844(i).  Specifically, he maintains that his § 247(a)(1) conviction fails to meet the "malicious" and "by means of fire" elements for arson.  This argument differs from the argument he presented in district court, so we review for plain error (although he would fail under a less-deferential standard as well).  *See United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003).

For purposes of applying the sentencing guidelines (as opposed to statutory minimums and maximums), the district court could and did consider the evidence presented at trial.  *See United States v. Stanford*, 805 F.3d 557, 570 (5th Cir. 2015).  That evidence showed that Perez did maliciously destroy the VIC by means of fire, even if he was not convicted by the jury of arson; it demonstrated without any doubt that Perez committed the crime with anti-Muslim animus, he lit a fire inside the VIC "to send a message," and that fire destroyed the mosque.  Indeed, the district court, in adopting the PSR, found that Perez's conduct satisfied the elements for arson.  We thus conclude that, for sentencing purposes, the evidence supported the district court's application of Guideline § 2K1.4 to Perez's Count 1 conviction, such that there was no clear error.[4]

---

[4] We note that this holding does not contradict our multiplicity holding above.  The multiplicity issue concerned whether §§ 247(d)(3) and 844(h) constituted the same offense.  On that issue, we hold that § 247(d)(3) and § 844(i) contained distinct elements, were different offenses, and that no multiplicity issue existed.  Here, we are concerned with sentencing for a § 247(a)(1) conviction, and we consider whether Perez's conduct that gave rise to his § 247(a)(1) conviction would also satisfy the elements for arson, a violation under § 844(i), such that Guideline § 2K1.4 would apply.  The Double Jeopardy Clause precludes multiple punishment "for the same offense," not for the "same conduct."  *United States*

No. 18-40707

## C.    Double Counting

Finally, Perez argues that the district court's application of Guideline § 2K1.4 for the § 247(a)(1) offense in addition to the ten-year mandatory consecutive sentence for the § 844(h) offense violates the Double Jeopardy Clause's prohibition on double counting. We review this properly preserved challenge de novo with respect to the application of the Sentencing Guidelines and for clear error with respect to the district court's factual findings. *United States v. Stevenson*, 126 F.3d 662, 664 (5th Cir. 1997).

There is no unlawful double counting when the particular Sentencing Guideline applied does not expressly forbid double counting. *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001). Here, there is no express prohibition on double counting under Guideline § 2K1.4, nor Guideline § 2K2.4 (the applicable offense guideline for a violation of § 844(h)). We thus hold that no impermissible double counting occurred.

## III.    Conclusion

For the foregoing reasons, we AFFIRM Perez's convictions and sentence.

---

*v. Cruce*, 21 F.3d 70, 75 (5th Cir. 1994) (internal quotation marks omitted). As such, "consideration of other crimes at sentencing does not implicate the Double Jeopardy Clause because the defendant is not actually being punished for the crimes so considered." *Sekou v. Blackburn*, 796 F.2d 108, 112 (5th Cir. 1986).