UNITED STATES of America,
Plaintiff–Appellee,

v.

Joe Clinton SEGLER, Defendant–
Appellant.

No. 93–8786.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 14, 1994.

Joe Clinton Segler, pro se.

Richard L. Durbin, Jr., Ronald J. Sievert, Asst. U.S. Attys., James H. DeAtley, Acting U.S. Atty., San Antonio, TX, for appellee.

Before SMITH, EMILIO M. GARZA and PARKER, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Defendant Joe Clinton Segler pled guilty to manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (1988), and to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Segler was sentenced to a 300–month term of imprisonment and fined $30,000. On direct appeal, we upheld Segler's conviction and sentence in an unpublished opinion. *United States v. Segler*, No. 89–1588, 896 F.2d 550 (Table) (5th Cir. Jan. 31, 1990). *Segler*, proceeding pro se, now appeals an order of the district court denying his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. We affirm.

I

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992). Moreover, a defendant "may not raise an

issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir.1991) (en banc) (citation omitted), *cert. denied*, —— U.S. ——, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992). "If the error is not of constitutional or jurisdictional magnitude, the defendant must show the error would result in a complete miscarriage of justice." *Id.* at 232 n. 7.

II

A

■ Segler first contends the district court erred in sentencing him for manufacturing a Schedule II controlled substance because methamphetamine was not properly transferred under 21 U.S.C. § 811 from a Schedule III to a Schedule II controlled substance.[1] Assuming *arguendo* that this is an issue of sufficient constitutional magnitude to warrant raising on collateral attack, we previously have held that the transfer of methamphetamine from Schedule III to Schedule II satisfied the requirements of § 811. See *United States v. Branch*, 980 F.2d 1445 (5th Cir.1992); *see also United States v. Greenwood*, 974 F.2d 1449, 1472 (5th Cir.1992) ("Since the early 1970s, as a matter of law, methamphetamine has been classified as a schedule II controlled substance."); *United States v. Allison*, 953 F.2d 870 (5th Cir.) (holding rescheduling of methamphetamine from Schedule III to Schedule II had been properly accomplished), *cert. denied*, —— U.S. ——, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992). Consequently, we reject Segler's first claim of error.

B

■ Segler next contends that the district court misapplied the Sentencing Guide-

1. 21 U.S.C. § 812 establishes "five schedules of controlled substances, to be known as schedules I, II, III, IV, and V." 21 U.S.C. § 812(a). Section 811 provides that the Attorney General may "transfer between such schedules any drug or other substance if [s]he ... finds that such drug

or other substance has a potential for abuse, and ... makes with respect to such drug or other substance the findings prescribed by subsection (b) of section 812 ... for the schedule in which such drug is to be placed...." *Id.* § 811(a).

lines in sentencing him as a career offender.[2] A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255. *Vaughn,* 955 F.2d at 368. Applying the § 4B1.1 criteria to determine whether to sentence as a career offender does not implicate any constitutional issues. *United States v. Faubion,* 19 F.3d 226, 233 (5th Cir.1994). Moreover, this claim could have been raised on direct appeal. *See Vaughn,* 955 F.2d at 368 (a nonconstitutional claim that could have been raised on direct appeal, but was not, may not be raised in a collateral proceeding). Accordingly, Segler is not entitled to § 2255 relief.

C

Segler next alleges that the district court erred in calculating his base offense level by including the entire 8.5 gallons of acetone seized by police officers.[3] We considered, and rejected, this issue on direct appeal. See *Segler,* slip op. at 4–5. Therefore, we need not reconsider this argument on § 2255 review. *United States v. Kalish,* 780 F.2d 506, 508 (5th Cir.), *cert. denied,* 476 U.S. 1118, 106 S.Ct. 1977, 90 L.Ed.2d 660 (1986).

■ Segler also argues that we should reduce his sentence because a recent amendment to the Sentencing Guidelines makes clear that the district court should not have calculated his base offense level using the entire quantity of acetone.[4] Segler contends that Amendment 484 was to be retroactively applied and, consequently, the sentence imposed was illegal. *See* U.S.S.G. § 1B1.10(d) (noting that amendment 484 is to be applied retroactively). However, under the law in effect at the time of sentencing, the district court correctly included the total weight of the solution seized in determining Sealer's base offense level. *See United States v. Sherrod,* 964 F.2d 1501, 1509 (5th Cir.1992); *Baker,* 883 F.2d at 15. Moreover, this very claim was rejected on appeal. *Segler,* slip op. at 4–5. Because reconsidering an issue raised on direct appeal is beyond the narrow scope of § 2255 review, *Kalish,* 780 F.2d at 508, we decline to consider the merits here. We note, however, that Segler is not barred from raising the issue in a motion pursuant to 18 U.S.C. § 3582(c)(2).[5] *See* U.S.S.G. § 1B1.10; *United States v. Towe,* 26 F.3d 614, 616 (5th Cir.1994) (holding that a defendant may seek a reduction under § 3582(c) where the applicable guideline range has been lowered as a result of a retroactive amendment).

D

■ Segler claims that the district court incorrectly adjusted his base offense level upward two points for possessing a firearm while manufacturing methamphetamine.[6]

2. United States Sentencing Commission, *Guidelines Manual,* § 4B1.1 (Nov. 1989) (noting that a defendant is a career offender if he has three felony convictions of either a crime of violence or a controlled substances offense).

3. The acetone, which is used to clean the methamphetamine, contained detectable amounts of the drug. Under the law in effect at the time of sentencing, a defendant's base offense level was determined by reference to the total weight of the mixture in which an illegal substance was found. *See United States v. Baker,* 883 F.2d 13 (5th Cir.1989).

4. This amendment, which became effective in November 1993, expressly provides that "mixture or substance" as used in § 2D1.1 "does not include materials that must be separated from the controlled substance before the controlled substance can be used." U.S.S.G.App.C. amend. 484 (Nov. 1993).

5. 18 U.S.C. § 3582(c) provides:

(c) **Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—

\* \* \* \* \* \*

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582(c) (West Supp.1994).

6. Section 2D1.1(b)(1) of the guideline directs the district court to increase a defendant's base offense level by two "[i]f a dangerous weapon (including a firearm) was possessed during the commission of the offense."

He argues that this upward adjustment, when combined with the sentence he received for being a felon in possession of a firearm, constitutes double jeopardy. He also argues that the district court erred in not grouping the methamphetamine and firearms counts as "related conduct offenses" pursuant to § 3D1.1.[7] Assuming *arguendo* that these claims are cognizable on collateral review, we find both to be without merit.

Segler's double jeopardy argument " 'misperceives the distinction between a sentence and a sentence enhancement.' " *United States v. Ainsworth*, 932 F.2d 358, 363 (5th Cir.) (quoting *United States v. Mocciola*, 891 F.2d 13, 17 (1st Cir.1989)), *cert. denied,* —— U.S. ——, 112 S.Ct. 346, 116 L.Ed.2d 286 (1991). The danger of violence increases when firearms are present during drug-related crimes. Sentence enhancement for firearms possession seeks to discourage drug traffickers from possessing firearms. U.S.S.G. § 2D1.1, comment. (n. 3). The record reflects that loaded firearms were found at Segler's residence, where the drug laboratory was located. Because Segler does not claim that the firearms at issue were not connected to the offense, the district court did not err by increasing Segler's offense level after finding that he possessed the firearms during the commission of a drug offense. U.S.S.G. § 2D1.1(b)(1); *see also United States v. Hewin*, 877 F.2d 3, 5 (5th Cir.1989) (noting that the offense level should be increased 'unless it is clearly improbable that the weapon was connected with the offense') (citation omitted). Accordingly, there was no violation of Segler's double jeopardy rights. *Ainsworth*, 932 F.2d at 363.

Likewise, there is no merit to Segler's claim that the district court failed to "group" the two counts for sentencing under § 3D1.1. Segler misunderstands the calculation of his sentence. The district court *did* group the counts, pursuant to § 3D1.2(c).[8] However, because the resulting guideline range—360 months to life—was greater than the statutorily authorized maximum sentence for the methamphetamine count—240 months—the statutory maximum penalty controlled. *See* U.S.S.G. § 5G1.1. Consequently, § 5G1.2 required the district court to impose consecutive sentences for the methamphetamine count and the firearm count.[9] As Segler recognized, the district court imposed the statutory maximum penalty of 60 months for the unlawful possession of a firearm in an attempt to impose a sentence within the guideline range. Therefore, the district court accurately applied the guidelines with respect to sentencing for "closely related" counts.

**E**

Segler also alleges that the district court erred in imposing a $30,000 fine without making specific findings regarding his ability to pay. The "propriety of a fine is a matter relative to sentencing and should have been raised on direct appeal and not for the first time in a § 2255 proceeding." *United States v. Davis*, No. 93–8131, slip op. at 1–2, 8 F.3d 23 (Table) (5th Cir. October 29, 1993). Moreover, even assuming arguendo that his challenge comes under § 2255,[10] his claim lacks merit. While Segler correctly identifies the various factors to be considered, *see* 18 U.S.C. § 3572(a) and U.S.S.G. § 5E1.2, the district court need not make

7. Section 3D1.2 provides:

   All counts involving substantially the same harm shall be grouped together into a single Group.... Counts involving the same harm within the meaning of this rule:
   ....
   (c) When one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts.

8. The Presentence Report ("PSR") noted that the offense, possession of a firearm by a felon, embodies conduct that is treated as a specific of-

fense characteristic in, or other adjustment to, the guideline applicable to count two and "grouped", pursuant to § 3D1.2(c).

9. U.S.S.G. § 5G1.2(d) provides, in relevant part:

   If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed in one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.

10. *See infra* part II.F.iii.

express findings regarding these factors. *United States v. Matovsky,* 935 F.2d 719, 722 (5th Cir.1991) ("[T]he guidelines set forth no requirement that the district court make express findings [demonstrating consideration of the factors in § 5E1.2], and we decline to create one.").

### F

Lastly, Segler alleges ineffective assistance of counsel. Segler specifically contends that he received ineffective assistance during sentencing and on direct appeal because counsel failed to challenge: (1) the district court's categorization of him as a career offender; (2) the two point enhancement for weapons possession pursuant to U.S.S.G. § 2D1.1(b)(1); and (3) the imposition of the $30,000 fine.

A claim that counsel has rendered ineffective assistance will succeed only if the defendant proves that such counsel was not only objectively deficient, but also that the defendant was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Additionally, there must be a "reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been *significantly* less harsh." *Spriggs v. Collins,* 993 F.2d 85, 88 (5th Cir.1993). Accordingly, a court must consider such factors as the defendant's actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances. *Id.*

### i

Segler first submits that counsel was deficient in not challenging the district court's determination that he was a career offender. Segler asserts that his two prior convictions for drug possession fail to qualify as "controlled substance offenses" for purposes of U.S.S.G. § 4B1.1.[11] Categorization as a career offender placed Segler in criminal history category VI. According to Segler, however, his criminal history warranted placement in category IV. We need not reach the merits of Segler's contention that he was not a career offender because Segler has failed to satisfy the second prong of the *Strickland* standard. Segler's offense level of 40 resulted in an imprisonment range of 360 months to life, regardless of whether his criminal history category was IV or VI.[12] Because the same guideline range would have resulted in the absence of Segler's categorization as a career offender, no prejudice resulted from counsel's failure to raise the career offender issue. Accordingly, we reject this portion of Segler's ineffective-assistance claim.

### ii

Segler further contends that counsel was ineffective for failing to challenge the enhancement for weapons possession at sentencing and on direct appeal. In fact, counsel did object to the two points at the sentencing hearing, but the district court overruled his objection. Additionally, an upward adjustment was directed by the Guidelines. *See supra* part II.E. Therefore, we find that counsel's failure to challenge this issue again on direct appeal was not "deficient." *See Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064.

### iii

Finally, Segler alleges that counsel's failure to challenge on appeal the district court's imposition of a $30,000 fine constitutes ineffective assistance. We do not reach the merits of this claim because we conclude it lies outside the scope of 28 U.S.C. § 2255.

The plain language of § 2255 provides only prisoners who claim a right to be released from custody an avenue to challenge their sentences: "A prisoner in custody under sentence of a [federal] court claiming the right to be released ... may move the court which imposed the sentence to vacate, set aside or

---

11. Under U.S.S.G. § 4B1.2(2), which defines "controlled substance offense," prior convictions of possession without intent to manufacture, import, export, distribute, or dispense are not controlled substances offenses.

12. The Sentencing Table contained in the Guidelines Manual at Chapter Five, Part A, determines the applicable range for sentencing according to one's offense level and criminal history category.

correct the sentence." 28 U.S.C. § 2255. However, "[a] monetary fine is not a sufficient restraint on liberty to meet the 'in custody' requirement for § 2255 purposes." *United States v. Michaud*, 901 F.2d 5, 7 (1st Cir.1990); *accord Spring v. Caldwell*, 692 F.2d 994, 999 (5th Cir.1982) ("arrest warrant issued for willful refusal to pay a fine does not amount to custody within the meaning of 28 U.S.C. §§ 2241 and 2254 in habeas cases challenging the constitutionality of a statute that only imposes a fine").

Segler's status as a federal prisoner brings *him* clearly within the class of petitioners described in § 2255. However, his ineffective assistance of counsel claim relating to his fine raises the question whether *his claim* arises under § 2255. We conclude that § 2255's limitation on who may seek release from federal custody also implies a limitation on the claims they may assert to obtain a release. Because Congress limited relief under § 2255 to persons in federal custody, we hold that Congress also meant to limit the types of claims cognizable under § 2255 to claims relating to unlawful custody.

▮ Segler challenges his counsel's failure to appeal the imposition of a $30,000 fine. Under *Strickland*, Segler must show: (1) that his counsel's performance was "deficient"; and (2) that counsel's deficient performance prejudiced him. *See id.*, 466 U.S. at 687, 104 S.Ct. at 2064; *Spriggs v. Collins*, 993 F.2d 85, 87 (5th Cir.1993). We hold that when a prisoner asserts an ineffective assistance of counsel claim *under § 2255*, he must satisfy *Strickland's* prejudice requirement by showing harm that relates to his custody. That is, if counsel's constitutionally insufficient assistance affected the trial court's guilt determination or the sentencer's imposition of a prison term, a prisoner's ineffective assistance of counsel claim falls within the scope of § 2255; if, as here, it relates only to the imposition of a fine, his claim falls outside § 2255.[13]

This interpretation of *Strickland's* prejudice requirement in the habeas context promotes even-handed treatment of similar Sixth Amendment claims. A convicted defendant who receives an allegedly erroneous fine because of constitutionally inadequate assistance of counsel cannot seek post-conviction relief under § 2255, *see Michaud*, 901 F.2d at 7, and neither should a petitioner who is both fined and imprisoned have an opportunity to assert an identical fine-related claim under § 2255. Our reading of the plain language of § 2255 suggests no reason why Congress would have intended to treat these two identical ineffective assistance of counsel claims differently.

We are aware of at least one case in which a Court of Appeals implied that § 2255 was a proper avenue to assert an ineffective assistance of counsel claim relating to the imposition of a fine. In *Vela–Fossas v. United States*, 1990 WL 443937, at *2 (1st Cir. Sept. 7, 1990), the petitioner "claimed that due to ineffective assistance of counsel ... [he] received a more onerous restitution obligation and greater fine than he should have in the first place." The district court dismissed the claims "on the apparent basis that petitioner's sole proper remedy was under 18 U.S.C. § 3569 and related regulations," which provided indigent prisoners with a remedy to avoid continuing confinement for failure to pay a "stand committed fine." *Id.* The Court of Appeals held that the district court erred by dismissing the claims on this basis. The court then concluded that the error was harmless because all of the claims lacked merit. *Id.* at *3. To the extent the First Circuit's approach in *Vela–Fossas* is inconsistent with our holding here, we decline to follow its reasoning.

### III

For the foregoing reasons, we AFFIRM.

---

13. We note that Segler's release from federal custody is not conditioned on his payment of the fine. We do not reach the question of whether such a sentence would bring his fine-related Sixth Amendment claim within § 2255.