IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50302
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD YOUNG ALFARO,

Defendant-Appellant.

_____

Appeal from the United States District Court for
the Western District of Texas
(SA-95-CA-574 & SA-88-CR 145(1))
_____
December 4, 1996

Before REAVLEY, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[*]

Richard Alfaro pleaded guilty to one count of heroin distribution.  His sentence was affirmed by this court in *United States v. Alfaro*, 919 F.2d 962 (5th Cir. 1990).  In the pending proceeding, Alfaro seeks relief under 28 U.S.C. § 2255, alleging

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

ineffective assistance of counsel.  The district court denied relief, and we affirm.

To establish ineffective assistance of counsel, the convicted defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  As to the prejudice requirement, the defendant must show a reasonable probability that but for the counsel's errors, the result of the proceeding would have been different.  *Id*. at 694.

Alfaro claims that his counsel was ineffective because of a conflict of interest.  The alleged conflict is that Alfaro's counsel also represented his brother in a related proceeding.  In a conflict of interest situation, prejudice is only presumed if the defendant demonstrates the counsel "actively represented conflicting interests" and that "an actual conflict of interest adversely affected his lawyer's performance."  *Id*. at 692 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348, 350 (1980)).  Alfaro does not make the required showing of an actual conflict of interest necessary for a presumption of prejudice, and does not meet *Strickland's* prejudice requirement in the absence of such a presumption.

Alfaro's brother was prosecuted in a separate proceeding. The brother was charged with being a felon in possession of a firearm, while Alfaro was charged in a six-count indictment with

2

committing various drug-related crimes. Alfaro did not demonstrate that his counsel's defense of his brother was antagonistic to Alfaro's defense. The charges against the brother were dropped after the district court granted a motion to suppress. The mere fact that Alfaro's counsel may have devoted time to another case is not sufficient to establish prejudice or an actual conflict of interest. To hold otherwise would mean that all full-time criminal defense attorneys operate under such a conflict.

Alfaro suggests in his reply brief that his counsel told him that if he did not plead guilty his brother faced indictment and a possible life sentence. The record indicates that the brother was already under indictment at the time, for a single count of being a felon in possession of a firearm. There is no evidence of a threat by the government to bring additional charges against the brother. Further, at the guilty plea hearing Alfaro swore that no one had threatened, coerced or forced him to plead guilty.

Alfaro complains that the district court failed to make an appropriate inquiry into potential conflicts of interest and advise him of his right to separate representation under FED. R. CRIM. P. 44(c). This rule only applies where defendants have been jointly charged under Rule 8(b) or joined for trial under Rule 13. These circumstances were not present here.

Alfaro next argues that his counsel was ineffective because he incorrectly assured him that the drug quantity used for calculating Alfaro's sentence would be limited to the drugs referenced in the fourth count of the indictment, the count to which Alfaro pleaded guilty.  The district court, correctly, did not limit the drug quantity to the heroin referenced in this one count.  *See United States v. Hoster*, 988 F.2d 1374, 1378 (5th Cir. 1993).

Assuming that defense counsel made the assurance to Alfaro that he now claims, the record belies any claim of prejudice.  As represented at the guilty plea hearing the plea agreement provided that "Defendant acknowledges that all facts and circumstances underlying the indictment will be included in the presentence report."  At this hearing, Alfaro acknowledged to the court his understanding that a sentence would be imposed under the United States Sentencing Guidelines, that the court would consider the presentence report in arriving at a sentence, and that he faced a sentence of up to forty years.  He also acknowledged that no one had "made any prediction, prophesy, or promise to you as to what your sentence will be in this matter."  The court later indicated that it would take up at the time of sentencing whether heroin in addition to that charged in count four would be counted for sentencing purposes.

4

At the first sentencing hearing on September 15, 1989, Alfaro heard his counsel and government counsel argue over whether the drug quantity should be limited to the one count. Hence, he understood the issue was in dispute. Yet he made no attempt to withdraw his guilty plea, nor did he indicate to the court that he had been misinformed by his counsel. At the second sentencing hearing on September 28, 1989, Alfaro acknowledged that he was familiar with the presentence report and had discussed it with his counsel. The report calculated the drug quantity by including amounts in addition to the count four heroin. Consistent with the presentence report's drug quantity calculation, Alfaro was sentenced to 210 months, far below the maximum sentence the court advised him he was facing when he pleaded guilty.

Alfaro also contends that his counsel was ineffective in failing "to bring out important guideline issues" regarding his upward adjustment in sentencing for possession of a firearm during the commission of the offense. His counsel did object, at the sentencing hearing and to the probation officer, to this upward adjustment. As Alfaro fails to specify what else his counsel should have done, we conclude that counsel was not ineffective with respect to this upward adjustment. To the extent that Alfaro is arguing that the district court erred in its technical application of the Sentencing Guidelines, such

claims are not cognizable in a habeas proceeding. *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994).

Alfaro suggests that the government breached the plea agreement by agreeing to drop the weapons count while planning to seek an upward adjustment for possession of a firearm on the remaining count to which he pleaded guilty. The probation officer and district court were entitled to consider in sentencing facts or conduct forming the basis of counts dismissed pursuant to a plea agreement. U.S.S.G. § 6B.1.2(a); *United States v. Ashburn*, 38 F.3d 803, 807 (5th Cir. 1994) (en banc), *cert. denied*, 115 S. Ct. 1969 (1995). There is no evidence that the government promised not to seek an upward adjustment to sentencing on the remaining count based on possession of a firearm. On the contrary, the agreement itself provided that all facts and circumstances underlying the indictment would be included in the presentence report.

Alfaro finally claims that his counsel was ineffective for failing to raise a double jeopardy defense in light of the civil forfeiture of two of his vehicles. Such a forfeiture does not constitute punishment for double jeopardy purposes. *United States v. Ursery*, 116 S. Ct. 2135 (1996). Alfaro was not prejudiced by his counsel's failure to raise a meritless claim.

AFFIRMED.