IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50702
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOUIS G. REESE, III,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-90-CR-117-5
--------------------

December 16, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Louis G. Reese, III, appeals following an order of the district court that granted in part and denied in part his 28 U.S.C. § 2255 motion. On direct appeal after Reese's guilty plea to conspiracy to defraud the United States, we remanded solely for a redetermination of the amount of restitution that Reese owed. See United States v. Reese, 998 F.2d 1275, 1278 (5th Cir. 1993). A hearing was held on remand, and the district court determined that the proper amount of restitution was

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

$3,450,442.33. Reese failed to perfect an appeal of the district court's order. In a § 2255 motion filed over three years later, Reese argued that he received ineffective assistance of counsel when his attorney (i) failed to call certain witnesses at the restitution hearing held on remand and (ii) failed to file a timely notice of appeal. The district court denied Reese's claim of ineffectiveness at the remand hearing, but it granted him the right to file an out-of-time appeal of the restitution order entered on remand. Reese filed a notice of appeal, referencing both the final order entered by the district court on the § 2255 motion and, "as permitted in that Order," the district court's years-old restitution order.

Reese makes several arguments on appeal, although it is not entirely clear which issues relate to the partial denial of his § 2255 motion and which relate to the out-of-time appeal permitted by the district court. In his brief, Reese insists that he does not need a certificate of appealability (COA) to appeal the district court's denial of his § 2255 motion. We turn first to that argument.

Reese argues that no COA is necessary because the district court granted him partial § 2255 relief. However, the district court denied Reese's claim that he suffered ineffective assistance at the remand hearing. Under § 2253(c)(1)(B), Reese needs a COA in order to appeal a "final order in a proceeding under section 2255." Accordingly, a COA is required before the appeal of the partial denial of the § 2255 motion can go forward. See Lackey v. Johnson, 116 F.3d 149, 152 (5th Cir. 1997)

(declining to reach issues for which no COA was issued). Although Reese has not moved for a COA, we may construe his notice of appeal as a request for the necessary COA. <u>See</u> Fed. R. App. P. 22(b)(2). A COA will issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Reese's motion argued that he suffered ineffective assistance when his attorney failed to call certain witnesses at the remand hearing.[1] We will not issue a COA as to this claim. There is a jurisdictional obstacle facing Reese.

Citing <u>United States v. Segler</u>, 37 F.3d 1131, 1137 (5th Cir. 1994), and <u>United States v. Hatten</u>, 167 F.3d 884, 886-87 (5th Cir. 1999), the Government contends that Reese's claim of ineffectiveness at the remand hearing was outside the scope of § 2255. We agree. In <u>Segler</u>, we held that in enacting § 2255, Congress "meant to limit the types of claims cognizable under § 2255 to claims relating to unlawful custody." 37 F.3d at 1137. Because Segler's ineffectiveness claim related only to the district court's imposition of a fine, it was outside the scope of § 2255. <u>Id.</u> Recently, we recognized that <u>Segler</u> also forecloses § 2255 claims that relate to restitution. <u>Hatten</u>, 167 F.3d at 887. We concluded there that "[t]he district court did not have jurisdiction pursuant to § 2255 to issue" an order

---

[1] Reese repeatedly calls this remand hearing a Fed. R. Crim. P. 35(a) hearing. He is mistaken. Although a Rule 35(a) motion was filed on Reese's behalf in the district court, that motion was filed *after* the restitution hearing was held on remand. The district court denied the Rule 35 motion in an order separate from its restitution order. Reese did not appeal the denial of the Rule 35 motion.

relating to Hatten's restitution.  Id.  These cases compel the conclusion that Reese's claim of ineffectiveness at the remand hearing is outside the ambit of § 2255.  Accordingly, we decline to issue a COA because (i) Reese has specifically not asked for a COA and (ii) Seqler and Hatten hold that a claim like Reese's is not cognizable under § 2255.

Reese also argues that the district court erred in failing to order a de novo resentencing after it granted him the right to file an out-of-time appeal.  This claim is perplexing.  In his motion, Reese did not request a de novo resentencing.  The district court did not vacate its prior restitution order, and it explained to Reese that he could simply file a notice of appeal to obtain the out-of-time appeal he had been granted.  Reese filed a notice of appeal referencing the restitution order.  Reese was, therefore, provided a vehicle for the relief he was purportedly granted.  Reese has not made a "substantial showing" that the denial of a de novo resentencing worked to deprive him of any right.  Accordingly, we deny him a COA as to the issue.

On his direct appeal from the restitution order entered after remand, Reese argues that the district court erred in computing the amount of restitution he owed.  He apparently also seeks to argue on direct appeal his claim that he received ineffective assistance at the remand hearing.  Neither the Government nor Reese discusses what effect Seqler and Hatten had on the district court's ability to grant Reese's § 2255 motion so that he could take a direct appeal of the restitution order.  Nevertheless, we must consider sua sponte the question whether

the district court had subject-matter jurisdiction to grant Reese this relief. See id. at 887 (noting our obligation to determine whether the district court possessed jurisdiction even when the parties have not questioned the court's jurisdiction).

Seqler and Hatten indicate that the district court lacked jurisdiction to consider Reese's claim that counsel ineffectively failed to file a timely notice of appeal from the restitution order entered on remand. Like Reese's claim of ineffectiveness at the remand hearing, this claim also falls outside § 2255's scope because it does not allege any "harm that relates to [Reese's] custody." Seqler, 37 F.3d at 1137. Instead, the claim was brought by Reese so that he could take an appeal of the district court's restitution order; the alleged harm related only to restitution, not custody. See also Reese, 998 F.2d at 1286 (remanding only as to the proper amount of restitution). Just as the district court in Hatten was without jurisdiction to enter an order altering Hatten's restitution regime, the district court here was without jurisdiction via § 2255 to grant Reese's request to file an out-of-time appeal of its restitution order. Section 2255 is limited to claims directed at obtaining a movant's release from custody, and Reese's § 2255 motion alleged no such claims. Accordingly, because the district court lacked jurisdiction to grant Reese an out-of-time appeal, we cannot reach the issues Reese attempts to raise on direct appeal. Instead, we VACATE the district court's order granting an out-of-time appeal and REMAND with instructions that Reese's § 2255 motion be dismissed for want of subject-matter jurisdiction.

COA DENIED; VACATED and REMANDED.