UNITED STATES of America

v.

Charles L. YOUNG

No. 3:98–CR–10WS, 3:00–CV–826WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

March 13, 2001.

Larry E. Yarbrough, Larry Yarbrough, Attorney, Jackson, Charles L. Young, Yazoo FCI, Yazoo City, Pro se.

Billups S. Allen, Richard T. Starrett, U.S. Attorney's Office, Jackson, for U.S. Attorneys.

### MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is the defendant's motion to vacate and set aside or correct his sentence filed under Title 28 U.S.C. § 2255.[1] The defendant was found guilty by a jury of his peers of one count of bank robbery in violation of Title 18 U.S.C. § 2113(a) and (d);[2] and one count of using a firearm during the commission of the bank robbery in violation of Title 18 U.S.C.

---

1. Title 28 U.S.C. § 2255 provides in part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move to vacate, set aside or correct the sentence."

2. Title 18 U.S.C. § 2113(a) and (d) provides that:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—Shall be fined under this title or imprisoned not more than twenty years, or both.

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

§ 924(c)(1).[3] The defendant was sentenced on December 15, 1998, to serve121 months on the first count and 60 months on the second count, the two terms to run consecutively. Defendant's conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit in December of 1999. Now, the defendant seeks post conviction relief under Title 28 U.S.C. § 2255, claiming that his conviction and sentence should be set aside because his attorney had been ineffective.

■ Defendant's only contention against his attorney's performance is the alleged failure of counsel to object to this court's application of the United States Sentencing Guidelines, a matter he did not raise on direct appeal. The defendant contends that this court misapplied § 2B3.1(b)(2)(C)[4] of the Guidelines when it enhanced his sentence, and that counsel should have objected to this application. Of course, a district court's technical application of the Sentencing Guidelines does not give rise to a constitutional issue cognizable under § 2255. *United States v. Segler*, 37 F.3d 1131, 1133–34 (5th Cir.1994). So, the manner in which this court employs the Guideline criteria to determine a sentence implicates no constitutional issues, *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir.1994), and cannot serve as the basis for the defendant's claim that counsel's performance was deficient under the Sixth Amendment of the United States Constitution.[5]

■ The proper standard for evaluating the effectiveness of counsel is reasonable performance under prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). In *Strickland*, the Supreme Court established a two-prong test for resolving ineffective assistance claims. Under that test, a defendant must show that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Id.*, 104 S.Ct. at

---

3. Title 18 U.S.C. § 924(c)(1) provides in pertinent part that "any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

 (i) be sentenced to a term of imprisonment of not less than 5 years;

 (ii)if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

 (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years."

4. United States Sentencing Guideline § 2B3.1(b)provides as follows:

 Specific Offense Characteristics

(1) If the property of a financial institution or post office was taken, or if the taking of such property was an object of the offense, increase by 2 levels.
(2) (A) If a firearm was discharged, increase by 7 levels; (B) if a firearm was otherwise used, increase by 6 levels; **(C) if a firearm was brandished, or possessed, increase by 5 levels**; (D) if a dangerous weapon was otherwise used, increase by 4 levels; (E) if a dangerous weapon was brandished, or possessed, increase by 3 levels; or (F) if a threat of death was made, increase by 2 levels.

5. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, **and to have the assistance of counsel for his defense**."

2064. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id.*, 104 S.Ct. at 2071. Defendant has made neither showing in the instant case.

 The burden of proof in a habeas corpus proceeding attacking the effectiveness of trial counsel is upon the petitioner, who must demonstrate the alleged ineffectiveness by a preponderance of the evidence. *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir.1992), *cert. denied*, 508 U.S. 978, 113 S.Ct. 2977, 125 L.Ed.2d 675 (1993); *Martin v. Maggio*, 711 F.2d 1273, 1279 (5th Cir.1983), *cert. denied*, 469 U.S. 1028, 105 S.Ct. 447, 83 L.Ed.2d 373 (1984). A petitioner's conclusory and speculative allegations will not suffice in this regard. *Kinnamon v. Scott*, 40 F.3d 731, 734–35 (5th Cir.), *cert. denied*, 513 U.S. 1054, 115 S.Ct. 660, 130 L.Ed.2d 595 (1994); *Barnard v. Collins*, 958 F.2d 634, 643 n. 11 (5th Cir.1992), *cert. denied*, 506 U.S. 1057, 113 S.Ct. 990, 122 L.Ed.2d 142 (1993).

 To establish deficient performance of counsel, the petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment" of the United States Constitution. *Id.*, 104 S.Ct. at 2064. In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effect of hindsight." *Id.*, 104 S.Ct. at 2065. Courts must indulge a strong presumption "that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, 104 S.Ct. at 2068. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* However, "an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding

was fundamentally unfair or unreliable, is defective." *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993). Thus, in addition to establishing a reasonable probability of a different result, a petitioner must demonstrate that counsel's deficient performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.1995), *cert. denied*, 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995), citing *Lockhart*, 113 S.Ct. at 844.

 When a prisoner asserts an ineffective assistance of counsel claim under § 2255, he must satisfy *Strickland*'s prejudice requirement by showing harm that relates to his custody. That is, if counsel's constitutionally insufficient assistance affected the trial court's guilt determination or the sentencer's imposition of a prison term, a prisoner's ineffective assistance of counsel claim falls within the scope of § 2255. *United States v. Segler*, 37 F.3d at 1137. In the instant case the defendant asserts no claim against counsel which rises to a constitutional level and, thus, fails to challenge counsel's sufficiency under the Sixth Amendment.

 Next, defendant complains that the court's application of § 2B3.1(b)(2)(C) constitutes double counting. The United States Court of Appeals for the Fifth Circuit holds that "double counting is prohibited only if the particular guidelines at issue forbid it." *See U.S. v. Jones*, 145 F.3d 736, 737 (5th Cir.1998), citing *United States v. Morris*, 131 F.3d 1136, 1139–40 (5th Cir.1997) (citation omitted) (noting that § 2A2.2 of the Guidelines does not expressly prohibit double-counting), *cert. denied*, 523 U.S. 1088, 118 S.Ct. 1546, 140 L.Ed.2d 694.

In the instant case the United States Guidelines do not specifically prohibit double-counting in regard to the imposition of

a sentence under § 2B3.1(b). Indeed, there is no mention of double counting. Therefore, this court need not review its application of the Sentencing Guidelines since double counting is not prohibited by the section in question.

Finally, any assertion that this court misapplied the Sentencing Guidelines is a nonconstitutional claim that could and should have been raised on direct appeal, and may not be raised for the first time in this collateral proceeding. *Segler,* 37 F.3d at 1133–34.

Accordingly, the defendant in the instant case is not entitled to § 2255 relief and his motion to set aside or correct his sentence is hereby denied.