United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 14, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-60390

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD J. WHEELER; LAWYER WHEELER, JR.,

Defendants-Appellants.

Appeal from the United States District Court for
the Northern District of Mississippi
(USDC No. 4:01-CR-209)
_____

Before JONES, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Brothers Harold J. Wheeler and Lawyer Wheeler, Jr. (collectively "the Wheelers")

are Mississippi farmers convicted by jury under 18 U.S.C. § 1001 of making material

false statements regarding planting dates in their applications for crop disaster assistance.

We affirmed the Wheelers' convictions on the merits in an unpublished opinion, United

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

States v. Wheeler, No. 02-60830, 79 Fed. App'x 656 (5th Cir. 2003). The Wheelers now appeal the district court's denial of habeas corpus filed under 28 U.S.C. § 2255 on grounds of ineffective assistance of counsel. We affirm.

1.    The Government challenges our jurisdiction on grounds that the materiality issue raised by the Wheelers has been adjudicated. We may not consider an issue on petition for habeas when that issue was found against the petitioner at trial and on direct appeal. United States v. Segler, 37 F.3d 1131 (5th Cir. 1994). With respect to the issue of materiality, the Wheelers argued at trial and on direct appeal that the planting dates of their cotton crops were not material because (1) the disaster form did not have a specific blank for the planting date, (2) the Farm Service Agency ("FSA") employee in Carroll County did not ask Harold Wheeler for a planting date, and (3) the FSA downloaded the planting date from the crop insurance form after the entitlement forms had already been prepared. Wheeler, 79 Fed. App'x at 663. The jury rendered a verdict of guilty on the disaster relief charge under section 1001(a)(2) and therefore must have concluded that the misstatement of the dates on the application was material for the purposes of determining whether an eligible crop "disaster," versus an avoidable poor outcome from bad crop practice (e.g. late planting), occurred.

However, the Wheelers' current materiality argument is that (1) crops on the two non-irrigated tracts of land involved in their

2

convictions were not eligible for disaster benefits under any circumstances and therefore the stated planting dates, even if false, were of no moment; and (2) the application for disaster relief was made past the deadline, and therefore the stated planting date for the irrigated tract of land involved in their convictions, even if false, was irrelevant. The Wheelers argue that trial and appellate counsel should have recognized this threshold ineligibility for disaster benefits and utilized a "trivial falsehood" defense.[1] These particular contentions were not presented to any court until the Wheelers' instant habeas petition, and therefore are not procedurally barred.

2.      We review ineffective assistance of counsel claims under the standard announced in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984). United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002). The petitioner must show (1) that counsel's representation was deficient, and (2) actual prejudice resulted from the deficient performance. Id. The Wheelers have failed to demonstrate either.

3.      In order to prove that counsel was deficient, a petitioner must show that

_____

[1] We have recognized that the purpose of the materiality requirement of section 1001 is to exclude trivial falsehoods from the purview of the statute, since false statements that lack the capacity to influence a determination required to be made are too trivial to violate the statute. United States v. Baker, 626 F.2d 512, 514 (emphasis in original, internal quotations and citation omitted).

3

"counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland, 466 U.S. at 687. In reviewing counsel's performance, we employ an objective standard of reasonableness, and "indulg[e] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689.

The Wheelers have made no showing of deficient performance in that they have not adequately demonstrated the viability of the two-prong defense they claim trial counsel erred in not presenting. With respect to their irrigated cotton-behind-wheat crops, the defense the Wheelers now urge is that the relief application for these crops was untimely.

But, while the application filed by Harold Wheeler four days before the deadline did not initially cover all of his acreage and he later signed a revised version, the record reflects that (1) the county FSA office did not consider the application late-filed, (2) the supplement to the Wheeler application was a common type clearly contemplated and provided for in the 1998 regulations (see former 7 C.F.R. 1477.102(e), 64 FR 188553-01, 1999 WL 214426), and (3) even if the application had been considered late-filed by the FSA, the option for an extension would have been readily available to the Wheelers (see id. and former 7 C.F.R. 1477.105(c), 64 FR 188553-01, 1999 WL 214426). We therefore agree

4

with the district court's conclusion that signing for the corrected information was merely a continuation of the timely-begun application process and immateriality of the misstated planting dates could not have been successfully established under a late-filing rationale.

The second allegedly overlooked defense the Wheelers point out — that any false statements as to the planting dates of their non-irrigated cotton-behind-wheat crops are immaterial due to the complete ineligibility of those crops for disaster relief[2] — is likewise without teeth. On this record, we cannot agree with the Wheelers' claim that their disaster relief applications were ineligible for consideration for relief and thus "dead on arrival." The programs are expansive with provisions for virtually all circumstances. Testimony reveals that, had the Wheelers been either truthful or believed as to when they planted, the FSA would have properly applied the programs regardless of what specific relief category the Wheelers checked, separating any non-eligible acreage and assessing reductions for poor planting practices or late planting.

---

[2] The Wheelers now allege that the two non-irrigated cotton crops at issue do not fall into any of the three disaster relief options: Insured (for which they applied), Uninsured, or Noninsurable. They reason that (1) cotton was an insurable crop and therefore not eligible for the noninsurable benefits (which they, in any event, did not apply for) and (2) although their cotton was insurable (and, in fact, insured), the non-irrigated cotton behind wheat was a crop practice excluded from coverage in the crop insurance policy, and disaster assistance under the Insured or Uninsured options is not available for a crop practice that leads to an ineligible loss under crop insurance.

4.    Further, we have held that materiality is established where the false statement has the capacity to influence an agency decision. See, e.g., United States v. McIntosh, 655 F.2d 80, 83 (5th Cir. 1981). We also find instructive the well-settled authority of our sister circuit for the proposition that, where an applicant has willfully submitted a false statement calculated to induce agency reliance, irrespective of whether actual favorable agency action was for other reasons impossible, the otherwise material statement is not rendered immaterial under § 1001. See, e.g., United States v. Quirk, 266 F.2d 26 (3d Cir. 1959).

Here, there is no question that the Wheelers falsely stated their planting dates and that the Government has shown that planting dates are material to a determination of benefits eligibility. We have affirmed both in our prior opinion in this case. The false statements related to both the Wheelers' irrigated and non-irrigated cotton crops therefore had the capacity to influence the agency's decision and thus were not immaterial.

5.    Even if the Wheelers' proposed defenses were viable, trial counsel's decision not to employ them is entitled to deference as reasonable trial strategy. United States v. Jones, 287 F.3d 325, 331 (5th Cir. 2002) ("A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally  ineffective assistance of counsel unless it is so ill

6

chosen that it permeates the entire trial with obvious unfairness." ). The position that the non-irrigated crops were ineligible for insurance and therefore for disaster relief is inconsistent both with the Wheelers' own testimony and the largely successful strategy[3] pursued by counsel at trial grounded on a precisely opposite premise: that the non-irrigated double cropping was not in fact a poor practice and that the tracts in question were technically irrigated under the terms of the crop insurance policy. The Wheelers' current argument on this front ignores the fact that they were facing both crop insurance fraud and disaster program fraud counts at trial. There is no hint of unfairness. Trial counsel's tactics may have been the best available and the record amply reflects that the Wheelers consented to their use. Jones, 287 F.3d at 331.

6.    For this reason, the Wheelers' also have made no showing of the second Strickland prong — prejudice — because they have not shown that there is any reasonable probability that the proceedings would have been different (in their favor) had counsel made the arguments and defenses the Wheelers here raise. Strickland, 466 U.S. at 689. Rather, had the trial defense been pursued as the Wheelers now urge, there is a reasonable probability that they would have been convicted of crop insurance fraud as well as disaster

---

[3] The Wheelers were each acquitted of three of four counts levied against them.

program fraud.

AFFIRMED.