# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-10770
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GERALD WALKER, also known as Li'l Gooch

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-79-2

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

After a jury convicted Gerald Walker of distributing approximately 2.71 grams of cocaine base to an undercover police officer, the district court sentenced Walker to a 360-month term of imprisonment. Walker has appealed his conviction and sentence. Walker argues that the admission of evidence concerning his prior drug-trafficking activities violated FED. R. EVID. 404(b) because the evidence identifying Walker as the perpetrator was weak. Walker contends that the district court clearly erred by enhancing his sentence under

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 2D1.1(b)(1) because there is no evidence that Walker possessed a firearm during the offense. Finally, Walker argues that his sentence violates principles of due process because it is based on a much larger quantity of cocaine base than was charged in the indictment. He concedes that this issue is foreclosed by our precedent, but raises the issue to preserve it for review by the Supreme Court.

Rule 404(b) precludes the admission of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." FED. R. EVID. 404(b). We review the admission of evidence under Rule 404(b) under a heightened abuse-of-discretion standard. United States v. Buchanan, 70 F.3d 818, 831 (5th Cir. 1995).

Because Walker's plea of not guilty placed his intent at issue, the trial court did not abuse its discretion by admitting evidence that Walker regularly engaged in similar drug sales in the same neighborhood as the offense charged in the indictment. See United States v. Pompa, 434 F.3d 800, 805 (5th Cir. 2005); United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). The challenged evidence tended to disprove Walker's contention that his prosecution was the result of a case of mistaken identity. See United States v. Chavez, 119 F.3d 342, 346-47 (5th Cir. 1997). Additionally, the trial court instructed the jury not to consider evidence of Walker's extrinsic acts for purposes of determining his guilt. United States v. Thomas, 348 F.3d 78, 86 (5th Cir. 2003).

A defendant's sentence may be enhanced based on his relevant conduct, which includes "all acts or omissions . . . that were part of . . . [a] common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2); see U.S.S.G. § 1B1.3(a)(1)(A). As the evidence that Walker presented at sentencing established that he frequently possessed a firearm in connection with his drug-

trafficking activities, we find no clear error in the enhancement of his sentence based on his possession of a firearm. See United States v. Castillo, 77 F.3d 1480, 1498 (5th Cir. 1996).

Walker properly concedes that his due process challenge to his sentence is foreclosed by United States v. Keith, 230 F.3d 784, 786-87 (5th Cir. 2000). We note that he has raised the issue to preserve it for review by the Supreme Court.

At our request, the parties filed supplemental briefs addressing the effect of recent amendments to the Sentencing Guidelines lowering the base offense levels applicable to crack cocaine offenses. At sentencing, Walker did not request a downward departure based on the Sentencing Guidelines's disparate treatment of offenses involving crack and powder cocaine or request that the sentencing court consider the then-pending amendment to the Guidelines addressing this disparity. We conclude that no plain error occurred at sentencing. Our review does not preclude future consideration of this issue in a motion pursuant to 18 U.S.C. § 3582. United States v. Fields, 72 F.3d 1200, 1215 (5th Cir. 1996); United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994).

AFFIRMED.