**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 31, 2009

Charles R. Fulbruge III
Clerk

No. 07-50454
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RICKY LAMONT GARRETT

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-82-ALL

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ricky Lamont Garrett appeals the sentence imposed following his guilty-plea conviction for possession with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). Garrett argues for the first time on appeal that his sentence was substantively unreasonable because the guidelines sentence range was greater than necessary to meet the requirements of 18 U.S.C. § 3553(a). Garrett acknowledges that a discretionary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence imposed within a properly calculated guidelines range is entitled to a rebuttable presumption of reasonableness, citing *Kimbrough v. United States*, 128 S. Ct. 558, 574-75 (2007); however, he contends that his within-guidelines sentence is not entitled to a presumption of reasonableness because the drug offense guideline, U.S.S.G. § 2D1.1, is not supported by empirical research and may result in sentences greater than necessary in normal cases.

In the instant case, the district court imposed a within-guidelines sentence, and there has been no finding by the district court that § 2D1.1 is flawed. Contrary to Garrett's argument, the *Kimbrough* Court said nothing of the applicability of the presumption of reasonableness. While the Supreme Court did note that the drug trafficking guideline was based upon drug quantity and not empirical research, the Court held only that a district court may sentence a defendant outside of the guidelines range on the basis that it had determined that the guidelines range was flawed, not that the permissible appellate court presumption is inapplicable in drug trafficking cases. *See Kimbrough*, 128 S. Ct. at 564, 567, 571-76. Garrett's reliance upon *Kimbrough* to challenge the appellate presumption is therefore misplaced, and he has failed to show that the presumption should not be applied. Moreover, Garrett has failed to establish that his sentence is unreasonable. The district court's judgment is therefore affirmed.

We note that in response to *Anders* motions filed by Garrett's appointed counsel we ordered that counsel address the impact of recent amendments to § 2D1.1(c). The federal public defender appointed in place of Garrett's previous counsel has not briefed that issue, and so we do not address it here. Our review will not preclude Garrett from raising that issue in the district court in a motion pursuant to 18 U.S.C. § 3582, if such relief is available. *See United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994).

AFFIRMED.